## GRICE v. FERGUSON.

1. The complaint was for an unlawful entry, and a forcible and un-
lawful detainer. The summons is to answer for a forcible entry and
detainer, variance cured by plea to the merits
2. In proceeding for forcible entry and detainer, notice for delivery
of possession not necessary.
3 Complaint for forcible entry and detainer, verdict guilty of unlaw-
ful detainer, does not respond to the issue.

THIS was a case of forcible entry and detainer, tried
before a justice of the peace, in Dallas county. The jury
found the defendant Ferguson, guilty of an " unlawful
detainer," and the magistrate gave judgement of restitu-
tion. Ferguson by certiorari, removed the case to the
Circuit Court, where the judgement was reversed on the
following grounds.

1. That the justice erred in refusing to quash the pro-
ceedings ; the complaint alleging the entry to be unlawful,
and the detainer to be forcible and unlawful, and the sum-
mons varying from the complaint, and stating the injury
to be a forcible entry and detainer.

2. The justice erred in permitting evidence to prove
the loss of the written notice to defendant, demanding
delivery of the premises

3. The verdict found the defendant guilty of an un-
lawful detainer, when the plea was that he was not guilty
of a forcible detainer.

Grice prosecuted a writ of error to this Court, and as-
signed the judgement of the Circuit Court as error.

THORINGTON, for plaintiff.

H. G. PERRY, for defendant in error.

JUDGE CRENSHAW delivered the opinion of the Court.

THE statute provides for a case where the entry may be lawful or peaceable, and the detainer forcible, and though the summons states the entry as well as the detainer, to be forcible, the variance was not material : moreover, the objection was waived by defendants appearance, and plea to the complaint.

Notice for the delivery of possession, is required only where a tenant without force holds over, after the expiration of his term, and is not necessary in a case of forcible detainer. The evidence objected to was therefore immaterial.

As to the third ground, an unlawful detainer, and a forcible detainer, are by statute, made distinct injuries. The verdict does not dispose of the issue joined between the parties. On this ground, we think the Circuit Court was right in reversing the magistrate's judgement, and that the judgement of the Circuit Court must be affirmed.

JUDGE SAFFOLD not sitting.