## McLain *vs.* Taylor.

The Constitution of this State expressly takes from Justices of the Peace all original jurisdiction, in all actions which are not matters of contract, and in which the sum in controversy does not exceed one hundred dollars, and even in matters of contract, where the action is covenant.

An action of forcible entry and detainer is, in no sense of the word, a matter of contract.

The law, therefore, giving Justices of the Peace jurisdiction in actions of forcible entry and detainer, is unconstitutional and void.

APPEAL from Justices of the Peace, determined in the Jefferson Circuit Court, in October, A. D. 1841, before the Hon. ISAAC BAKER, one of the Circuit Judges. Creed Taylor brought an action of forcible entry and detainer, under the statute, against John McLain, in Desha county, before two Justices of the Peace, and obtained judgment of restitution, from which McLain appealed to Desha Circuit Court. After a trial there, before the Hon. E. L. JOHNSON, then Circuit Judge, the jury not agreeing, Taylor removed the case to Jefferson Circuit Court, where a jury was impanneled, and the case proceeded to trial. In the progress of the case, the Court discharged the jury, and dismissed the case, for want of jurisdiction. McLain appealed to this Court.

McLain *vs.* Taylor.

The case was argued here by

*Fowler*, for the appellant, who insisted that all other objections to the jurisdiction were waived, if the Justices had jurisdiction of the subject matter.

*Trapnall & Cocke*, contra.

The constitution confines the jurisdiction of Justices of the Peace to " all matters of contract, (except in actions of covenant), where the sum in controversy is of one hundred dollars and under." " A forcible entry is where a man enters into the lands and tenements *manu forte.*" *Co. Lit.* 257, *b.* The force with which the entry is made, is the only inquiry. 3 *Blackstone*, 170; *Smith vs. Dedman*, 4 *Bibb*, 192. This is an injury, not only of a civil, but, if the force amounts to a breach of the peace, of a criminal nature, and the subject of indictment at common law. 3 *T. R.* 295. *King vs. Wilson*, 8 *T. R.* 364. 4 *Bl.* 104; and, by statute *Richard* 2, *st.* 1, *ch.* 8, punished with imprisonment and ransom, at the king's will.

The obvious intention of the constitution was, to confine the jurisdiction of Justices of the Peace to cases of contract, and to refer the redress of all injuries to person or property, to the Circuit Court; and, therefore, the act of forcible entry and detainer, in attempting to confer upon Justices of the Peace a jurisdiction denied to them by the constitution, is unconstitutional and void.

*By the Court*, LACY, J.

This is an action of forcible entry and detainer, commenced before a Justice of the Peace. The proceedings have been exceedingly informal and irregular; those questions, however, we do not deem it necessary to examine or determine. The view we shall take, necessarily cuts them off.

We hold the act of the Legislature, giving to Justices of the Peace jurisdiction in cases of forcible entry and detainer, and regulating its proceedings, to be repugnant to the constitution of this State, and, therefore, of no effect. The grants of that instrument, distributing the judicial power of the State among the several tribunals of justice,

McLain *vs.* Taylor.

gave the jurisdiction in such cases expressly to the Circuit Courts, and excluded it directly from Justices of the Peace.

The constitution declares, that two or more Justices of the Peace shall, individually or jointly, have exclusive jurisdiction in all matters of contract, except in actions of covenant, where the sum in controversy does not exceed one hundred dollars. And, in no case, shall they have jurisdiction to try or determine any penal offence, except when sitting as examining courts, to commit, discharge, or hold to bail. The Circuit Courts are invested with original jurisdiction in all civil cases not cognizable before Justices of the Peace. These clauses are plain and obvious; and they certainly take from Justices of the Peace all original jurisdiction in all actions which are not matters of contract, where the sum in controversy does not exceed one hundred dollars; and, even in matters of contract, in actions of covenant. The object and design of the constitution were, evidently, to give jurisdiction in subject matters of contract, and not to extend that jurisdiction to any other class of cases.

In any other class of cases, the jurisdiction in such actions was expressly given to the Circuit Court. An action of forcible entry and detainer, in no sense of the term, can be said to be a matter of contract. The idea of a contract, so far from entering into, or forming any part of, the action, is expressly excluded by the form and substance of the action. The party's right to recover is based upon the ground of wrong and injury done or accompanied with violence or force. It is an unlawful seizure, on the part of the defendant, of the possession of the freehold, or a wrongful detention of that possession. In both cases, the defendant is guilty of violence and force, and, according to the principles of the common law, could be made answerable, as for a penal offence. These positions are incontrovertible; and, as the defendant in the action is not answerable in any contract, of course the Justice of the Peace had no jurisdiction.

Judgment affirmed.