## ETTER *vs.* SMITH.

A motion, by an execution purchaser, to obtain an order putting him in possession of the real estate purchased, may be amended by stating the person, against whom it is made, to be lessee of the execution debtor.

An order on such a motion, putting the purchaser in possession, is a final judgment or decision, subject to appeal, or writ of error.

The statutory proceeding by order to put execution purchasers in possession, cannot be so construed as to give the purchaser a right to determine a valid lease, made by the judgment debtor before judgment. The execution purchaser buys subject to such a lease.

Nor does this remedy lie against strangers holding adversely.

The Court, therefore, must have evidence as to the fact, that the third person, against whom the motion is made, is a lessee, and that he refused to deliver possession.

If, on proof of service of notice to quit, it should appear that the tenant was tenant at will, or that his lease had expired, and that he refused to deliver possession, the order would go; otherwise, it would be premature.

THIS was a decision of the Circuit Court of the county of Hempstead, on a motion to put into possession an execution purchaser, made in October, A. D. 1842, by the Hon. WILLIAM CONWAY B., one of

the circuit judges. Smith purchased, at sheriff's sale, on execution in his favor against William Kopman, certain lots, in the town of Fulton, and lands, in the county of Hempstead, and received the sheriff's deed therefor, duly executed and acknowledged, at October term, 1842. At a subsequent day of the term, he moved the Court for an order on the sheriff, to put him in possession of the lot, and one tract of land, embraced in the deed with the buildings and improvements, stating them to be in possession of Etter, as lessee of Kopman, who refused to give him possession. The motion was supported by affidavit. Etter appeared and defended, and the Court directed the order to go to put Smith into possession, without delay.

The motion, as originally presented, did not state Etter to be the lessee of Kopman. The words "lessee of said William Kopman" were inserted by way of amendment, by leave of the Court, after the motion had been argued. The only evidence introduced on the motion, was the execution and the sheriff's deed. Etter excepted to the allowance of the amendment, and to the making of the order, and appealed.

*Fowler*, for appellant.

*Pike & Baldwin*, contra. We submit whether this Court has any jurisdiction of this case; and whether, if it come up at all, it must not come up by certiorari; and refer to the authorities we have cited in *Irvin vs. The Real Estate Bank*, at the present term. See, also, *Bogart vs. Hosack's Exr's*, 18 *Wend.* 319. *Bayle vs. Zacharie*, 6 *Peters*, 648.

The allowance of the amendment cannot be assigned for error here. *Hart vs. Seixas*, 21 *Wend.* 40. *U. States vs. Buford*, 3 *Peters*, 445. *Chinat et al. vs. Reinicker*, 11 *Wheat.* 280. *Marine Ins. Co. vs. Hodgson*, 7 *Cranch*, 332. *Walden vs. Craig*, 9 *Wheat.* 576. *Stearns vs. Barrett*, 1 *Mason*, 153.

*By the Court*, PASCHAL, J. We think that the Court had power to amend the motion, for the furtherance of justice. It is objected that an appeal does not lie, but that this case should have come here

by certiorari. The case of *Miller Irvin vs. Real Estate Bank, ante,* and other cases in this Court, settle the right of appeal or writ of error, where there is a final decision or judgment.

But, the mere describing of Etter as lessee, in the motion, or the styling him such in the entry of the clerk, does not prove him such. Smith purchased all the right, title, and interest, which Kopman had in and to the premises, at the time of the rendition of the judgment, subject to all the older judgments or incumbrances which had, before that time, been created on the estate. See our *Revised Statutes*, titles " *Judgments*," " *Executions*," " *Liens*," and " *Mortgages*." Smith then took no other nor greater estate than Kopman had at the time of the rendition of judgment. The 68*th sec., ch.* 60, *Rev. St.,* provides, that "if, on the sale of any real estate, or any improvement on the public lands of the United States, by any sheriff or other officer, under any execution, the defendant or his lessee shall refuse to give the purchaser possession of such real estate or improvement, it shall be the duty of the Circuit Court, on the application of the purchaser, to make an order, directing the sheriff or other officer to put the purchaser in possession of such real estate or improvement; which order shall be executed by such officer without delay; and, if necessary, he may call to his assistance the power of the county, in order to carry such order into effect." The right here given by this summary proceeding, is against the defendant or his lessee, and would not, of course, lie against a person who holds adversely. This section, we apprehend, must be so construed as not to give to the purchaser a right to determine a lease, which did not exist in the defendant himself. If Etter's lease was a lease for years, created before the rendition of judgment, Kopman had no right to determine that lease at will; and, as Smith only purchased such right as Kopman had, he, of course, bought subject to such lease. This opinion receives more force, when we take into consideration that lease-hold interests for years are the subject of sheriffs' sales. See *ch.* 60, *Rev. St., sec's* 36, 54, and 93.

This remedy, it is presumed, does not lie against strangers who hold adversely. It was certainly, therefore, the duty of the Circuit Court to require proof that Etter was the lessee of Kopman, and that he refused to deliver possession. If, on proof of service of a notice to

quit, it should appear that the tenant was tenant at will, or that his lease had expired, and that he refused to deliver possession, the purchaser would have a right to the order. But, until such proof was made, such order was premature. Judgment reversed.