JoimsoN, C. J., delivered the opinion of the court. The appellant urges numerous objections to the order and decision of the court below. We do not conceive it necessary to discuss the several objections in the order in which he has stated them, as subsequently to the making of the order, he moved the court to set it aside, which motion being overruled, every point that could possibly arise in the case is necessarily presented. The-68th section of the 60th chapter of the Revised Statutes of Arkansas, provides, that “if, on the sale of any real estate or any improvement on the public lands of the United States by any sheriff or other officer under any execution, the defendant or his lessee shall refuse to give the purchaser possession of such real estate or improvement, it shall be the duty of the circuit court on the application of the purchaser to make an order directing the sheriff or other officer to put the purchaser in possession of such real estate or improvement; which order shall be executed by such officer without delay ; and if necessary he may call to his assistance the power of the county in order to carry such order into effect.” It was ruled by this court in the case of Etter vs. Smith, 5 Ark. Rep. 90, that the right given by this summary proceeding, is against the defendant or his lessee and would not lie against a person who holds adversely. In this construction of the statute we fully concur ; and under it we consider it clear, that the circuit court is bound to require competent and satisfactory proof that the party, to remove whom the order is sought, is either the defendant in the original judgment or his lessee. The act, by which the remedy is created, is wholly silent as to the manner in which the party in possession shall be brought before the court, and also as to the nature and extent of the defence which he shall be permitted to set up in support of his right of possession. There seems to be no uniform rule of practice among the circuit courts of the State, upon the- subject; and such is the confusion growing out of the omis>sion of the legislature that we deem it necessary to chalk out and' lay down some rule by which the remedy may be enforced, and-that too without giving countenance or sanction to the least; infringement or violation of the constitutional iigbts of the- party in- possession. The act speaks of the defendant and his lessee. Was' this designed as an ex parte proceeding, or did the act contemplate a regular suit with plaintiffs and defendants! We cannot believe for an instant that it was ever intended to affect the rights of the citizen so far as to oust him -of his possession without giving him an opportunity of being heard, and showing, if in his power, that he does not fall within either class of persons specified in the act. We think that the correct practice, in such cases, is to require the purchaser to state in his petition, that it is either the d'efendant or his lessee, who is in possession, and also to set forth such facts as are' sufficient in law to divest either, as the case may be, of whatever right, title and interest he may have had in the premises and to vest the same in himself; and then to conclude with a prayer fór a rule upon the party in possession to appear at a time and place therein designated, to show cause, if any he can, why the order should not be made against him. The defendant in this case by appearing and disclaiming waived his right to notice in writing. The only question, therefore, to be decided is whether the petitioner has set forth such facts as to entitle him to the benefit of the order made in his behalf. He states that on the 21st of April, A. D., 184S, the same being the first day of the Pulaski circuit court, he became the purchaser of the south west quarter of section seventeen in township four north in range nine west, containing one hundred and sixty acres, situate in said county of Pulaski,-for the sum of seventy-four dollar's, and procured therefor the deed of William B. Borden, sheriff of said county, dated April 21st, 1845, duly acknowledged and filed for record in the proper office of said county, May 6th, 1845, that said land was then and there sold by said sheriff under a judgment rendered in said court in favor of Nathan Midgett and against Moses Ferguson and Michael Hogan at the May term, A. D., 1843, and under an execution properly issued- on said judgment, and then reféts to said sheriff’s'deed and> the recitals therein contained, and prays that they may be considered as evidence, and taken as a part of the petition. He further states that the said Moses Ferguson still remains in possession of said land and absolutely refuses to deliver the same to him, though requested to do so. To this petition the defendant entered his voluntary appearance, and disclaimed any right whatever in himself, but stated that by making the order, the rights of others would be seriously affected. He does not claim to hold under them, nor does he ask to have them made co-defendants to- assist him in his de-fence. The facts set up in the petition, if supported by competent proof, are sufficient to authorize the court to make the order. The record states that the court was well and sufficiently advised of and concerning the motion for possession and of what order to make. Such being the case, and there being no conflicting evidence, the legal presumption is, that all the facts were fully proven by the evidence; and though not specially recited in the order, their existence is thereby affirmed. We are therefore of opinion that there is no error in the judgment of the circuit court of Pulaski county herein rendered. Judgment affirmed.