## DANIEL LATIMER AND PHILANDER D. FREESE *v.* ARTHUR F. WOODWARD.

On complaint of forcible entry and detainer, made before two justices of the peace under R. S. 1838, p. 490, ch. 5, a warrant and venire were issued and served, and, on the return day, the parties and most of the jurors summoned appeared : the cause was then adjourned to a future day, and the justices thereupon issued another venire by which a second jury was summoned, before whom the cause was tried : *Held*, that the justices had no power to direct the second jury to be summoned ; but should have required the jurors who appeared in obedience to the first venire, to appear on the adjourned day of the cause ; and if their number was insufficient to complete the panel, the deficiency should have been supplied by the summoning of additional jurors by virtue of the same venire.

The evidence to sustain a complaint, under R. S. 1838, p. 490, ch. 5, § 2, for unlawful and forcible entry and detainer of premises, must show force or violence in making the *entry*, as well as the subsequent detention.

CERTIORARI to two justices of the peace of Lenawee county. This was a proceeding under the statute of forcible entry and detainer. R. S. 1838, p. 490, Ch. 5.

Woodward made complaint before the justices, alledging that, on December 6, 1845, he was the owner, and in the lawful and peaceable possession of a certain ware-

house and lot in Tecumseh, and that on that day Latimer and Freese made an unlawful and forcible entry into said ware-house, and detained the same with strong hand from the possession of the complainant. Thereupon, the justices issued a warrant for the arrest of the defendants below, returnable on the 16th December, 1845 ; and a venire for a jury was also issued, returnable on that day. Both the warrant and venire were served, and, on the return day, the parties, and most of the jurors summoned, appeared. The defendants below plead the general issue, and, on their application, the cause was adjourned until the 26th of December. On the 19th of December, the justices issued a second venire, which was likewise duly served and returned. By virtue of this second venire, some of the jurors sumoned on the first, were re-summoned, but others were omitted, and other persons summonin their stead. The parties again appeared on the return day, and, the jury being called, the defendant below moved to set aside the panel of jurors, on the ground that the justices had no power to issue the second venire. This motion was denied by the justices and the cause proceeded to trial.

It appeared from the evidence adduced on the trial, that Woodward was in possession of the premises in question, on the 6th December, 1845, and had been for several months previously, under a deed from Latimer; that on that day, and while Woodward was absent, Freese entered the ware-house, and asked for, and obtained the key, of the outer door, from one Brown, who was there, and in possession of the key, with the knowledge and assent of Woodward ; that Freese then proceeded to nail down the windows, after which all present, including Brown, went out of the ware-house, and Freese locked the door; that Brown then requested Freese to return the key, but this the latter refused to do ; that after-

wards, on the same day, Woodward came to the ware-house and endeavored to get in, but found the door lock-ed, and was told by a man inside, who was in the employ of Freese, that he would not be permitted to enter the building; whereupon Woodward made a breach in the door by knocking out one of the panels, through which he went in, and directed the man to give him the key, and then leave the building, but the man refused to do either; that a scuffle ensued, in which Woodward attem-ed to put the man out, but without success; that he then went away, and soon afterwards the defendants below both came into the ware-house; that Woodward then re-turned, and requested of them (they being inside of the building) to open the door, but Latimer told him he could not come in, and he was kept out.

Upon this evidence as to the entry and detainer, the ju-ry found a verdit of guilty, and judgment of restitution and for costs was afterwards rendered in favor of Wood-ward, and a fine of one dollar imposed on the defendants below. The certiorari was sued out by the defendants below, to reverse this judgment.

*C. A. Stacy*, for the plaintiffs in error,

*P. Morey*, for the defendant in error.

RANSOM, C. J. delivered the opinion of the Court.

It is contended that the judgment below ought to be re-versed, because,

1. The justices erred in refusing to set aside the second panel of jurors. The statute provides that justices of the peace, to whom complaint may be made of any unlawful and forcible entry or detainer, shall issue a warrant for the apprehension of the person complained of, and shall also issue a *precept*, to the same officer, commanding him to cause to come before them twelve discreet men, &c.,

at the same time and place appointed for the trial or hearing of the said complaint ; and if a sufficient number of persons summoned do not attend, said justices may *order* the officer to complete the number *by returning others forthwith.* R. S. 1838, p. 491, § 3. The statute no where authorizes the justices to dispense with one jury and direct a second to be summoned in their stead. If a sufficient number of the persons summoned do not attend, the deficiency is supplied by immediately returning others ; but those who may attend are not to be discharged ; nor is it necessary to issue a new venire ; the officer returns the additional jurors upon the precept first issued.

The record here shows that most of the persons first summoned *did attend,* and they should have constituted the jury to try the cause, unless set aside by the challenges, or discharged by consent of both parties. On the adjournment of the cause, the justices should have directed the jurors in attendance, to have again attended on the day to which the trial was adjourned, and it would have been as much their duty to have done so, as it was to appear in obedience to the venire.

2. Again, it is contended by the counsel for the plaintiffs in error, that the verdict of the jury was against the evidence adduced on the trial. The complaint charged a *forcible entry,* as well as detainer ; and this, it is contended, is not sustained by proof of a forcible detainer, only.

Upon this point, too, the counsel for plaintiffs in error is clearly right. The evidence on both sides, all tends to show, beyond controversy, that the *entry* was entirely peaceful, without any force or violence whatever. The detention alone was forcible.

The statute makes it our duty, in reviewing these proceedings, upon certiorari, to review the facts, as well as the matters of law. R. S 1838 p. 493, § 12 ; *Chamberlin* v. *Brown,* ante. p. 120, note.

Upon both the grounds, (the error of the justices in directing a second jury to be summoned, and the erroneous finding of the jury upon the evidence before them,) the judgment below must be reversed.

The justices having awarded to Woodward restitution of the premises, it is furthered ordered that the same be restored to the plaintiffs in error, and a writ is awarded for that purpose.

*Judgment below reversed and restitution awarded.*