Mr. Chief Justice Watkins delivered the opinion of the Court. This was an action of unlawful detainer by the appellant, against the appellee. The declaration contained one count, alleging that the plaintiff on, &c., at, &c., was lawfully entitled to the possession of certain premises, and that the defendant unlawfully, and by force, and after demand made in writing for the possession thereof, detains the same, &c. The plaintiff’s affidavit was in conformity with the allegation of detainer. A demurrer being sustained to this declaration, the plaintiff filed an amended declaration containing seven counts, which was not verified by anew affidavit, according to the rule that where pleadings are required-to be verified by affidavit, any material amendment of them must also be so verified, unless permitted to be filed without objection, as seems to have been the case here. The first count of the amended declaration, alleges that the plaintiff was lawfully entitled to the possession, that the defendant entered lawfully and peaceably into the premises, and unlawfully, and by force, withheld the same from the plaintiff after-demand made in writing, &c. The second is the same, in substance, with the addition, that .the plaintiff was the lawful owner of the premises. The third is, that the plaintiff was lawfully seized of the premises, and the defendant lawfully, and peaceably, obtained the possession; who, after demand, made in writing therefor, unlawfully, and by force, withholds the same. The fourth is, that the plaintiff had the lawful right to the possession, and the defendant unlawfully, and forcibly, with strong-hand, entered into the same, and with force and strong hand, detains the same. The fifth is, that the defendant entered into the premises as the tenant of the plaintiff, that the lease to him had expired, and he unlawfully holds over, and refuses to surrender the possession, although demanded in writing. The sixth is, that the plaintiff was lawfully seized of the premises, and let them to the defendant, for a certain period, which has expired, and the defendant unlawfully and forcibly, detains the possession, although demanded in writing, &c. The seventh is, that the defendant entered into, and became possessed of the premises as the tenant of the Bank of the State of Arkansas, that the term for which he had rented of the Bank had expired, that the right and estate of the Bank, in the premises, had ceased, and determined, and that the plaintiff had became lawfully entitled to the possession of the same, and the defendant refuses to deliver the possession to the plaintiff, and unlawfully detains the same after demand made in writing, &e. The defendant filed several pleas traversing the various allegations of the declaration, and two of which the plaintiff demurred to. These two pleas, both in substance, the same, appear to have been designed as a special traverse, the statement by way of inducement, being that ever since the 1st of January, 1840, the Bank of the State of Arkansas had been in the peaceable possession of the premises up until the commencement of this suit, and the defendant then was, and had been, ever since the 1st day of March, 1847, in the peaceable possession of the same as her officer and agent for the transaction of her business; the absque hoc, or what was intended for it, traversing the allegations of forcible entry, and also of unlawful detainer. The demurrer being overruled, and the plaintiff declining to reply, the defendant had judgment of restitution and for his costs. The pleadings here presented, are not commendable to the profession. In the proceedings either for forcible entry and de-tainer, or for unlawful detainer, we think it would rarely occur that more than one count would be required to set forth the complaint; and, in either form of the action, the only pleas in bar necessary for the defendant, to put the plaintiff upon proof, or to let in any defence, are not guilty, and that the defendant, or the defendant and those under whom he claims, as the case may be, had been in the peaceable and uninterrupted possession of the premises for three years next preceding the filing of the complaint. The legal effect of this plea is to put the burthen of proving it on the defendant, owing to the peculiar wording of the statute, though intended as a limitation; and as held in Burk vs. Hale, (4 Eng. 328,) the plea is disproved, if it appear that the plaintiff, or any one holding under him, has been in possession .at any time within the three years^the possession of the tenant being that of the landlord. The pleas demurred to, were insufficient in form, and demurrable for various causes. The pleas were probably interposed under the idea that the defendant, in person, must have had possession for three years next before the commencement of the suit. Such a construction of the statute would be as bold and literal, as it would be to allow the defendant to include as any part of the three years his own possession held as the plaintiff’s tenant. The intent and meaning of the 18 section, {Digest, p. 538) is that the plaintiff cannot maintain this action, unless he, or some one holding under him, has been in possession of the premises within three years next before the complaint made. But the demurrer reaches back and questions the sufficiency of the declaration. The Territorial Statute of Forcible Entry and Detainer, Steele & Mc Camp, Dig. 260, adopted from the Missouri statute, was a civil proceeding, and substantially the same as that prevailing in most, if not all of the United States, either as a civil or criminal proceeding, the object in either case being to prevent those claiming a right of entry on land from redressing their own wrongs by entering in a violent and forcible manner, because all such entries tended to a breach of the peace, or encouraged high handed oppression. The law does not allow the owner of land, be his title ever so good, to be the judge of his own right to the possession adversely held, but puts him to his remedy by action. Where the party in possession is turned out by force, this summary remedy of forcible entry and detainer, was designed to restore the possession to him as he held it before, until the right to the possession could be adjudicated. By legislation at an early day, in most of the States, this summary .proceeding was made to extend to another, and a distinct class of cases where tenants wrongfully held over, after the determination of the time for which they were let. For a concise history of this action, see 1 Swift’s Digest, 510. Under the territorial law, the jurisdiction was given to two justices of the peace to try the complaint and make restitution on the inquest of a jury, and the proceeding could he reviewed on certiorari. The first case reported in this State, under that law, is Thorn vs. Reed, (1 Ark. 480,) where the subject is much considered. It is to be noticed of that case, that as to one class of cases, i.e., where the defendant has obtained possession by disseisin “wrongfully and without force,” (according to the language of that statute,) the plaintiff could not recover unless he had the legal right to the possession, which the defendant could traverse, and so he might show that his estate had determined. This could only have been so decided by analogy to the construction put upon the ancient English statutes, which excused the force where the disseizor had the better right, and the technical meaning of disseizin at the common law; for that in order for the plaintiff to have been disseized, he must have had an estate of freehold in the premises; and because that statute did not prohibit the estate or merits of the title from being enquired into. This feature, in the Territorial Statute, is omitted in the revision of 1839. Under that law, two distinct classes of cases are provided for: Forcible entry and detainer, where the entry is by force or intimidation, or a turning out by force after apeacable entry, and unlawful detainer where the defendant, after the expiration of the time for which the premises were demised or let to him, or, after having peaceably and lawfully obtained the possession, holds the same unlawfully and with force, after demand made in writing therefor. The act gave jurisdiction to any justice of the peace with the right of appeal and supersedeas to the circuit court; and, by express provision, the estate or merits of the title could, in no wise, be enquired into. This whole statute was rendered nugatory by the decision in McLain vs. Taylor, (4 Ark. 147,) because, under the State constitution, justices of the peace could exercise no such jurisdiction as the act conferred upon them; and to remedy the evil felt in the want of a summary .and expeditious mode of restoring the possession of real estate forcibly entered or wrongfully detained, an act was passed in 1845, (Digest, title Forcible entry and Detainer,) re-enacting so much of the statute of 1839, as related to the nature and causes of the action, and conferring the jurisdiction on the circuit courts. But as they were holden only twice a year, in order to expedite the remedy, the plaintiff, by filing his affidavit that he was lawfully entitled to the possession of the premises described in his complaint, and that the defendant forcibly entered upon and detains the same, or—if for unlawful detainer only—that he unlawfully detains the same after demand made in writing therefor, and also giving bond and security for the indemnity of the .defendant, was entitled to his writ of restitution forthwith, and .before any adjudication of the cause. So this statute came to be passed, perhaps as extraordinary a one as ever was enacted ;in any country where the common law prevails, creating literally ¡an action of replevin for land. In Fleemen vs. Horen, (3 Eng. 353,) the first case arising under this statute, it was held to be .constitutional, in view of the bill of rights, and under circum.stances as extraordinary as the statute itself. There, the writ was .executed by putting the plaintiff in possession, and he, at the return term, moved to have the case striken from the docket, because the statute was in derogation of the 10th section of the Bill •of Rights, and unconstitutional. The circuit court sustained this motion; and, for the supposed want of jurisdiction, refused to award restitution to the defendant, leaving the plaintiff in the possession so acquired. We think the constitutionality of this law is to be sustained upon other grounds than those taken in the case of Fleeman vs. Horen, where the remedy given was put on the same footing as replevin. When it is considered that, anciently and in theory, the action of replevin was to restore the possession of chattels, illegally distrained, until the right could be determined; and, by slow degrees, extended to all cases of tor-tious taking, so as to be co-extensive with trespass, then in form of the detinet to bailments determined or determinable on demand,, and finally by onr statute, ever since Beebe vs. DeBaun, (3 Eng, 510,) to all cases where the plaintiff has the right of property, and the right to the immediate possession, as in detinue, the analogy for various reasons, ought not to hold good between re-plevin and actions to recover the possession of realty. The statute can only be upheld by confining it strictly to the cases contemplated by it. “This remedy,” as said in Sumner vs. Spencer, (4 Eng. 444,) “like all of the class which changes possession of property before the defendant has had an opportunity to be heard in a court of justice, is strongly in derogation of common right, and though its operation will often be beneficent, it will be perhaps as often found an instrument of injustice and oppression,, and possibly sometimes a means of irreparable mischief, and according to well settled rules, it must, so far as the plaintiff is concerned, be kept strictly within the provisions of the statute, which creates and qualifies it.” Certainly the same degree of strictness ought to be required, as prevails in other States, where the, remedy, though summary, does not change the possession until after judgment, and where the defendant may cause its execution to be stayed until the proceedings can be reviewed on appeal. We find in the different States various modifications by statute of this remedy, but the main features of it are the same. Conflicting decisions are to be found according as it is regarded as a criminal or civil proceeding. Under those statutes, there may be a diversity of opinion as to what constitutes possession and the extent of it, and what amount of force or intimidation will satisfy the requirements of the law. So, for instance, whether this remedy is given where the defendant entered under a contract of purchase, or against a tenant in case of forfeiture for non-payment of rent, or whether the heir (or administrator) or assignee will succeed to any right of action of the decedent or vendor. But on the broad view of the remedy and with reference to the question here involved, the decisions are uniform that its only object is to restore possession forcibly taken or unlawfully detained without regard to the ownership or title to the property. The plaintiff must, in all cases, allege that he was in possession of the premises; and in forcible entry and detainer, force is the gist of the action, while in unlawful detainer the only inquiry is, did the defendant obtain the possession as' the tenant of the plaintiff, or under or by collusion with his tenant, has the term expired, and did the defendant refuse to surrender the possession after demand made in writing. As forcibly stated in Davidson v. Phillips, (9 Yerger, 93,) the only question is, who was in posses-sion and how was that possession lost. So, in Missouri, under a statute like ours, excepting the replevin feature, their courts hold that the plaintiff must have had possession, and that the remedy applies to but two classes of cases first, where there is a forcible entry or a turning out by force, and second, where the plaintiff parted with the possession under some contract or agreement whereby it was expressed or implied that the possession was to be restored to him. (Blunt v. Winwright, 7 Mo. 50. Hatfield v. Wallace, ib. 112.) The general expressions here used are not meant to forestall any construction we may hereafter be required to give of the alternative clause in the third section of the statute, where the defendant “shall lawfully and peaceably obtain possession,” but holds the same unlawfully after demand in writing, and whether there is any essential difference between such a case and the holding over by a tenant. Among numerous authorities that might be cited in support of our views of the nature of this action, see Cammack v. May, 3 A. K. Marsh. 297 Whitaker v. Gautier, 3 Gilman 488. Lati-mer v. Woodward, 2 Doug. 368. Singleton v. Finley, 1 Porter 144. Cunningham v. Green, 3 Ala. 129. Wright v. Lisle, 4 ib. 112. Stinson v. Gassett, ib. 170. Clark v. Stringfellow, ib. 353. People v. Van Nostrand, 9 Wend. 52. People v. Pickett, 8 Cowen 226. Phelps v. Baldwin, 17 Con. 212. Smith v. Dedman, 4 Bibb 192. Beauchamp v. Morris, ib. 313. But in Fowler v. Knight, (5 Eng. 43,) a different construction was put upon the statute. That was forcible entry and detainer, and the case in evidence was, that the plaintiff had possession of the premises, and let the same to a tenant, who on quitting, closed tip the doors and windows and delivered the key of the' front door to the plaintiff, the back entrance closing by a bar on the inside, and soon after the defendant was found in possession.. On this evidence it might well have been put to the jury to find,first, whether the plaintiff had possession at the time the defendant entered; and secondly, whether the defendant had entered by force though no witness saw him enter. Of course if the plaintiff had possession, it was as much actual, as if he was there ready to defend; and if the defendant invaded that possession by breaking into the house, it was a forcible entry under the statute “whether any person be in or not,” and without regard to the amount oí force used, Hoffstetter v. Blatner, (8 Mo. 281.) Upon the facts of that case the decision was doubtless-correct, but so far as it may be inferred from the opinion, that this action may be maintained upon a constructive possession, i. e., that the title draws to it the possession as of personalty; or that where the entry is peaceable, if made without color of title the law will imply force, or that the plaintiff may recover by showing his right to the possession, without showing that he had the possession and lost it by means of the defendant’s entry, or that by making the affidavit and giving the bond required, this summary proceeding may become a substitute for the action of ejectment, it is our duty to say that such is not the law. True, the common law rule, that possession is necessary for the plaintiff to maintain trespass to realty, has been relaxed in the newly settled States, because otherwise the owner of wild land would have no adequate redress, and so it was adjudged in Wilson v. Bushnell, (1 Ark. 470.) In some of the western States, where the statute of forcible entry and detainer applied to improvements on the public lands, the settlement right was extended to the entire quarter section, including the improvement. The decisions in Kentucky that the law would imply force, are based on their peculiar statute. Botts v. Armstrong, (8 Porter 61;) and there the statute required the plaintiff in such case to be in possession, and the entry to be made without his consent. Chiles v. Stephens 3 A. K. Marsh. 345. Ejectment is a possessory action and determines the title only so far as it is involved in the right to the possession. If forcible entry and detainer, or unlawful detainer, can be maintained on a constructive possession, the whole policy of the law wfflich regards the forcible entry as a public grievance, and tending to a breach of the peace, rather than- a private wrong, is overturned: there ceases to be any necessity for force in forcible entry or pri-vity of contract in unlawful detainer; and the remedy will, in a great degree, take the place of ejectment, because every plaintiff may safely swear, on the advice of counsel, or his own opinion of the law, that he “is lawfully entitled to the possession of the premises and that the same are unlawfully detained by the defendant.” And when we consider how jealously this proceeding is restricted elsewhere as a mere summary remedy, and that by our own statute the defendant is turned out and the plaintiff put into possession in advance of the trial, thus doing what chancery, with all its preventive and remedial powers, has never yet undertaken to do; that the plaintiff, thus strengthened and sheltered by the possession has every motive to baffle and delay the final determination — it passes all comprehension that the Legislature intended such results to follow; and in our opinion the act itself taken in connection with its history, is not to be so construed. In Lemayne's case, (5 Coke 91,) it was resolved to be not lawful for the sheriff to break open the defendant’s house to execute any civil process, and if at the suit of the king, before he breaks it, he ought to signify the cause of his coming and make request to open the doors, because the horse of every man is to him as his castle and fortress, as well for his defence against injury and violence as for repose. But when any house is recovered by any real action, the sheriff may break the house and deliver the possession to the plaintiff, for the reason, that after judgment it is not the house, in right and judgment of law, of the defendant. It must be so in the judgment of the law, and not according to the opinion of the plaintiff. The principle solemnly adjudged in that case, and its kindred right of exemption from unreasonable searches and seizures, was the germ of that civil liberty so dearly cherished by our ancestors. Even in the summary motion for possession by the purchaser of land sold under execution, the defendant or his tenant is entitled to notice, has day in court and the right of appeal; and if it appear that the party in possession is not the tenant of the defendant in execution, but holds under an adverse claim, the right to the possession cannot be adjudicated in that proceeding, and the purchaser is put to his action of ejectment. Etter v. Smith, 5 Ark. 90. Ferguson v. Blakeney, 1 Eng. 296. Fitzgerald v. Beebe, 2 Eng. 311. If we are correct in our construction of the statute in question, it follows that all of the counts of the complaint in this case are defective in not alleging that the plaintiff was possessed of the premises. Clearly it is not sufficient to allege that he was lawfully entitled to the possession. Nor will it suffice to allege that he was seized. In this country where titles to land pass by deed and not by livery, the term seizin does not necessarily imply possession, but there may be a constructive seizin, which is only the right to the possession. (4 Kent 404, note) Nor will a constructive disseizin (ib. 538) come within the policy of the law. On the other hand the plaintiff need not be seized at all; an estate for years, a tenantcy at will, or by sufferance is sufficient. A bare possession without right will be protected and restored, if invaded by force, or held over by a tenant in fraud of his contract. The demurrer presents also a question as to the sufficiency of the amended declaration, for misjoinder of causes of action. In Spencer v. Sumner, the point decided was, that in this action a variance between the affidavit filed by the plaintiff and the writ may be pleaded in abatement, and if the action is for forcible entry and detainer, the affidavit must correspond with that form of action; if for unlawful detainer, it must be framed accordingly: and the opinion evidently proceeds upon the idea that the two causes of action are inconsistent with each other and cannot be joined. . We think the distinction as marked as between trespass and case; whereas here there are the same plea and judgment. In forcible entry and detainer, force is the gist of the action: unlawful detainer is founded on a breach of contract, A verdict in one form of the action will not uphold a judgment in the other. (Grice v. Ferguson, 1 Stewart 36.) So, forcible entry and detainer cannot be maintained against a tenant. (McKeen v. Nelms, 9 Ala. 507.) The statute requires the plaintiff to make the affidavit and give the bond corresponding to either action according as he brings it. Similar distinctions exist under our statute between replevin in the cepit and in the detinet, the latter form of the action being in reality nothing but detinue, and were noticed in the case of Cox v. Grace, (5 Eng. 86,) where there was a demurrer to the declaration for misjoinder of counts. Notwithstanding replevin and detinue could not be joined at the common law7, the court there held that under our statute, counts in the cepit and detinet could be joined, but placed the decision distinctly upon the ground that the causes of action must bp distinct, for the recovery of different chattels, and both counts verified by the proper affidavit, andtheh the joinder would be allowed to prevent multiplicity of suits. The only point of difficulty is, that, in that case, the court considered the objection to be matter in abatement for want of the proper affidavit, and not cause of demurrer for misjoinder. In this case we incline to the opinion that forcible entry and unlawful de-tainer cannot be joined, and that it is good cause of demurrer, where it appears on the face of the declaration, that the premises sought to be recovered are one and the same, not for any technical reason, but because of the real incompatibility of the causes of action, and the necessity of verifying them by affidavit. True, in Lincoln v. Wilamouicz, (2 Eng. 378,) overruling Pope v. Latham, (1 Ark. 66.) it was held that under the statute authorizi ng the defendant to plead as many several matters as he shall think necessary for his defence, he may plead contradictory pleas though required to be sworn to. We are not disposed, in the absence of such a statute, to extend that decision to declarations required to be verified by affidavit, where the counts allege causes of action wholly inconsistent with each other. To allow them to be joined, would be an abuse of the statute, if not a violation of it, and the objection for misjoinder is available on error. Lyon v. Evans, 1 Ark. 349. Upon the whole record our opinion is that the judgment of the circuit court is right and ought to be affirmed.