Benjamin S. Liddon et al. v. Hartwell Hodnett—Argument of Counsel.

BENJAMIN S. LIDDON ET AL., PLAINTIFFS IN ERROR, VS. HARTWELL HODNETT, DEFENDANT IN ERROR.

1. The improper joinder of two causes of action in a complaint under the forcible entry and detainer act is not ground for a motion to dismiss the action, but should be reached by motion requiring the plaintiff to amend his complaint by striking out one or the other of such causes of action.

2. Surplusage of allegation not amounting to a statement of a distinct cause of action, does not constitute duplicity.

3. A proceeding to recover against a "forcible entry" and one to recover against an "unlawful detainer" cannot be joined in one complaint under the forcible entry and detainer statute.

Writ of Error to the Circuit Court for Jackson county.

The facts of the case are stated in the opinion.

*Liddon & Carter* for Plaintiffs in Error.

The complaint in this case varies very slightly, and in no material matter, from the form laid down in the statute. In the very letter of the statute the charge would have been that the defendant " hath unlawfully turned them out of and withheld possession," while our complaint reads: " Hath unlawfully and forcibly turned them out, and

unlawfully and against their consent withholds from them."

We described the cause of action a little more fully than the statute required, but there is nothing in this description inconsistent with the idea of the statute. Indeed the turning out would be unlawful as well as forcible, and the withholding would have to be against the consent of plaintiffs.

It was not, under the statute, necessary to describe as fully as we did, but there is no reason why a fuller description should vitiate the complaint. The statute does not prescribe a form which is not to be varied from, but says that the complaint shall be in the form or to the effect. McClellan's Digest, sec. 5, page 542.

We do not think here that there was a " joining of separate causes of action which requires separate complaints." But if there was such a joining of forcible entry and unlawful detention, while either one was a good cause of action, it was perfectly proper to join them in one proceeding. Walls vs. Endell, 17 Fla., 478, and authorities there cited.

In Greeley vs. Spratt, 19 Fla., 645, the complaint joined the two ; i. e., a forcible entry and unlawful holding against consent, and the court approved this complaint.

*John W. Malone* for Defendant in Error.

The plaintiffs in error brought an action of forcible and unlawful entry and unlawful detainer against the defendant in error and set forth these separate causes of action in one complaint. Upon motion of defendant, the court dismissed the suit and this judgment of dismissal is assigned for error in the Circuit Court.

The actions of forcible entry and unlawful detainer are separate and distinct requiring a separate complaint. Besides, the oath which is required to be administered to the

jury and the verdict to be rendered by the jury in these actions are different. McClellan's Dig., 542, sec. 5, 543, sec. 11, 544, sec. 13. Hence we insist that the two actions cannot be consolidated and tried on one complaint. The action brought by the plaintiffs in error is neither an action of forcible entry nor unlawful detainer, but is a hybrid unknown to the statute.   The question involved in this case was not raised or passed upon by the court in the cases of Walls vs. Endel, 17 Fla., 478, and Greeley vs. Spratt, 19 Fla., 645.

MR. JUSTICE RANEY delivered the opinion of the court:

This is a proceeding instituted by the plaintiffs in error against the defendant in error, in the Circuit Court for Jackson county, under the forcible entry and detainer act of 1868.

The complaint alleges that the defendant in error " hath unlawfully and forcibly turned them out of, and unlawfully and against their consent withholds from them the possession " of the real estate described.   The defendant, Hodnett, moved to dismiss the action because two separate causes of action requiring separate complaints and separate trials are united in one complaint and one suit ; and judgment was rendered dismissing the action, and that the defendant recover his costs.

We do not think that a defect in a complaint under this statute is ground of a motion to dismiss the proceeding where the subject matter sought to be recovered possession of is within the scope of the remedy it affords, although such a motion is the proper practice where the subject is a franchise or other thing not covered by the statute, as was the case in Gibbs vs. Drew, 16 Fla., 147.

Where the proceeding is to recover something embraced

within the meaning of the terms "lands and tenements," as used in the statute, a defect in the complaint should be reached by a demurrer, or by a motion under section 16 of the act of February 8, 1861, (§55, page 826 of McC's Dig.,) according as the one or the other may be applicable. As a motion to dismiss, it should have been denied.

Treating the motion as a demurrer it should not have been granted, as it cannot be maintained that the complaint does not set forth a sufficient ground of action in law, or that it is bad in substance. The defect, if any, is one of form merely. Such defects are not the basis of demurrers in ordinary actions, and it would be both contrary to the letter of our general practice, and to the spirit of it, and of this statute, to regard such imperfections as good grounds of demurrer. Gould's Pleadings, sec. 99, McC's. Dig., §54, p. 826 ; §90, p. 833.

The argument of the counsel for the defendant in error is, that the action of forcible entry, and that of unlawful detainer, are separate and distinct, requiring a separate complaint; and that the oath required to be administered to the jury, and the verdict to be rendered in these actions, are different. It does not seem to us that the allegation of "unlawfully and against their consent withholds from them the possession," need necessarily be treated as an independent allegation of a cause of action under the provisions of the act giving a remedy against unlawful detention, as distinguished from a forcible entry, or an unlawful entry, which is not forcible. An allegation of a withholding is essential to a complaint under any one of the grounds of recovery covered by the act, and the clause of the complaint last quoted might, we think, be treated as a mere redundant assertion of the withholding made necessary by both the statute and the nature of the cases it covers. A similar allegation seems to have been so treated in Greeley

vs. Spratt, 19 Fla., 645. Regarding it as such, the court might, upon the assumption that there cannot be a joinder of unlawful detainer and forcible entry in the same complaint, have required the plaintiff, upon motion under §55, p. 826, of the Digest, to amend, or have confined the plaintiff, on the trial of the case, to proof of the allegations of a forcible entry in the former part of the complaint.

One turned out or deprived of his possession is given a recovery of possession by the statute in the following classes of cases : (1.) Where another enters in any case where entry is not given by law. (2.) Where another enters with strong hand or multitude of people, even in case where entry is given by law. (3.) Where another who has entered both lawfully and peaceably holds over after the expiration of his right and against the consent of the party entitled to possession. The first and second classes are unlawful entries, the second differing from the first in that the latter is made unlawful by the fact of its being with strong hand or multitude of people, however rightful it may otherwise be. It is unnecessary to discuss what amounts in law to strong hand or multitude of people. The second class is a technical forcible entry as contradistinguished from any unlawful entry. The third class are cases of unlawful detainers as distinguished from unlawful entries. In the one, the initial wrong is in the entry ; in the other, it is in the detention.

Looking at the form of the complaint prescribed, the fact that the complaint must be verified by affidavit, and other features of the statute, we are of the opinion that there cannot be a joinder of a proceeding for unlawful detainer, and one of forcible entry, in the same complaint. In the former class the jury are sworn to try whether the plaintiff has the right of possession, and they are required to find and state in their verdict whether the plaintiff hath (or hath not) the

right of possession in the real estate, but in the latter class there is no such feature in the oath, but on the contrary the jury are sworn to try whether the defendant " did forcibly (or unlawfully, as the case may be) enter upon the property." The oaths differ in other respects as is easily inferred from the different nature of the offences which the two cases cover. Again, the statute provides as to the verdict, that in cases of forcible or unlawful entry it shall be substantially as follows, giving a form following the issue made or submitted for trial under the oath in such cases, and likewise in cases of unlawful detainer a form following the oath in such cases.

In Arkansas it was held that in forcible entry and detainer force is the gist of the action, and that an unlawful detainer was founded on a breach of contract, and the court inclined to the opinion that forcible entry and unlawful detainer could not be joined, not for any technical reasons, but because of the incompatibility of the two actions and the necessity of verifying them by affidavit. McGiven vs. Cook, 13 Ark., 448. In Alabama, where the complaint alleged the entry to be unlawful and the detainer to be forcible and unlawful, and the verdict found the defendant guilty of an unlawful detainer, it was held that the verdict did not respond to the issue, an unlawful detainer and a forcible detainer being distinct injuries. Grice vs. Ferguson, 1 Stew., 36. And in Kentucky, upon a traverse of an inquisition of forcible entry, it was declared that the *right* of entry is not properly the subject of inquiry, but whether there was a *forcible entry* upon the possession *in fact* of another or a *forcible detainer* where the possession has been obtained lawfully ; and in Michigan, (Davis vs. Ingerson, 2 Douglass, 372,) where the evidence on a complaint for " unlawful and forcible entry " into lands showed merely an *unlawful* entry, but did not show that it was accompanied with

violence, it was held insufficient; and in Lattimer vs. Woodward, Ibid, 368, the ruling was that to sustain a complaint for " unlawful and forcible entry and detainer " the evidence must show force and violence in the entry. Commonwealth vs. Dudley, 10 Mass., 403. ·

There cannot be a joinder of an unlawful detainer with either an unlawful or a forcible entry. They are distinct offences. Whether there can be a joinder of a technical forcible entry, with an otherwise unlawful entry, is not involved, and we do not decide. If it can be done it must be by separate counts. The complaint here is under authorities cited above, one for a *forcible entry.*

In Walls vs. Endel, 17 Fla., 483, it is said that " in proceedings of this character there may be a conviction of the unlawful detainer alone, or of the forcible entry and unlawful detainer, the detention being the substantial question and the gist of the proceeding; the unlawful entry and the unlawful detention are two distinct offences which may, under the statute, be tried together." We do not understand that the precise question now before us was raised in that case. In People vs. Anthony, 4 John., 201, the inquisition was that A. forcibly entered and expelled C., and did forcibly keep him out, and to this there was a plea of not guilty, and in People vs. Rickert, 8 Cowen, 226, there was an indictment also. In the former case it was held that there might be a conviction of the forcible detainer alone, and in the latter there was a similar holding, and the question was whether a forcible detainer was shown, and it was decided that the same circumstances of violence or terror which make an entry forcible will make a detainer forcible. In Foster vs. Kelsey, 36 Vermont, 199, the decision is that when the complaint alleges forcible entry and forcible detainer, and the proof is only of a forcible detainer, there may be a conviction of that alone; and in Cammack vs.

Macy, 3 A. K. Marshall, 296, it was held that a forcible entry and forcible detainer are distinct offences, yet they may be united in one warrant, and that to constitute forcible detainer there must be actual force with strong hand, where the relation of landlord and tenant has not existed. These are the authorities cited. Where there has been an unlawful entry, whether forcible or otherwise, the detention under it is of course unlawful and a continuation of the wrong, but we do not think an unlawful entry, whether forcible or otherwise, and an unlawful detainer, considered as separate offences under the statute, can be tried together.

A complaint properly framed according to the statute, alleging an unlawful entry and withholding, does not admit of proof of a technical unlawful detainer. The oath to try the former does not cover the latter, and for the reasons indicated above we do not think they can be joined. Our statute says nothing about a forcible detainer. It makes no difference under our statute whether or not there are any manifestations of force or any threats of violence in the *withholding* possession, if the action be either for an unlawful entry, or for a forcible entry, or for an unlawful detainer.

The judgment should be reversed and the cause remanded to the Circuit Court with directions to reinstate the same on the docket, and for further proceedings not inconsistent with this opinion.

It is so ordered.