IRVING J. CAPLAN v. EDITH BURNS, a feme sole.

6 So. (2nd) 8                                   Division A

February 3, 1942

Roland W. Granat, for appellant;
Marion E. Sibley, for appellee.

ADAMS, J.:

This appeal is to review a judgment for defendant on a directed verdict. The action is statutory namely, unlawful entry.

Plaintiff, a resident of Troy, N. Y., was the owner of a residence in Dade County. He engaged a broker to negotiate a lease or to sell his property. Plaintiff left his key in custody of a friend and directed his broker to obtain same when needed. The broker negotiated a lease with the defendant on conditions stipulated by plaintiff. The broker called for the key but the custodian refused to deliver it. The broker engaged a locksmith and had another key made and put defendant in possession. The broker promptly communicated all facts to plaintiff, tendered a payment on the lease and assigned as a reason for such haste, the need for immediate possession to avoid losing the tenant. Plaintiff refused the proffered payment and brought this action.

The question is, was the defendant guilty of an unlawful entry?

Unlawful entry is defined by the statute. Section 5309, C.G.L., 1927: "No person shall enter into any lands or tenements but in case where entry is given by law, . . ."

Defendant in error insists that force is an essential element of unlawful entry and has cited in support thereof, T. H. Livingston v. Nathaniel Webster, 26 Fla. 325, 8 So. 442. As stated in the first instance

this is an action of unlawful entry whereas the Livingston case was a forcible entry case. This Court pointed out the distinction between the two in Benjamin S. Liddon, et al., v. Hartwell Hodnett, 22 Fla. 271.

Our conclusion is that the defendant was put into possession by plaintiff's agent and therefore her entry was lawful. No verdict under the evidence could have been sustained for the plaintiff and for that reason we will not disturb the same.

The judgment is affirmed.

BROWN, C. J., WHITFIELD, and BUFORD, JJ., concur.