DAVID F. MITCHELL, *Plaintiff in Error*, v. HARRY MASON, *Defendant in Error.*

1. Where one count in a declaration alleges that the defendant "has unlawfully turned the plaintiff out of and unlawfully and against his consent withholds from him possession" of described lands, and another count alleges that the defendant "has unlawfully turned the plaintiff out of and withholds possession," one of the counts may be stricken, as the two are in effect similar and their presence in the pleading may embarrass a fair trial of the action. .

2. Where one count in a declaration alleges that the defendant "has forcibly turned plaintiff out of and unlawfully and against his consent withholds from him possession" of lands, and another count alleges that the defendant "has forcibly turned the plaintiff out of and withholds possession," one of the counts may be stricken, the two being similar.

3. The three statutory actions of forcible entry, unlawful entry and unlawful detainer cannot be joined in one count of a declaration.

4. The statute in providing for the joinder of causes of action authorizes the trial count to require a severance of causes in the trial.

This case was decided by Division A.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*D. C. Campbell*, for Plaintiff in Error;

*Alex. St. Clair-Abrams*, for Defendant in Error.

WHITFIELD, C. J.—The declaration here contains five

counts.  One is that Harry Mason "has unlawfully turned David F. Mitchell out of and unlawfully and against his consent withholds from him possession" of certain described lands.  The second count alleges that the defendant "has forcibly turned plaintiff out of and unlawfully and against his consent withholds from him possession." The third count alleges that the defendant "has unlawfully turned the plaintiff out of and withholds possession." The fourth count alleges that the defendant "has forcibly turned the plaintiff out of and withholds possession." The fifth count alleges that the defendant "has unlawfully and forcibly turned the plaintiff out of and unlawfully and against his consent withholds from him the possession." The court on motion struck the 3rd, 4th and 5th counts and required the plaintiff to elect between the first and second counts.  The plaintiff elected to proceed on the first count.  The bill of exceptions was stricken because it contains no exceptions to any matters recorded therein.

The following judgment was entered: "Comes now the parties in the above entitled cause and issue being joined herein, comes also a jury of six good and lawful men, to-wit, W. S. Kadz and five others who were duly sworn according to law to try the issue joined.  Thereupon the plaintiff sought to introduce certain testimony which was objected to by the defendant and which objection was sustained by the court.

Whereupon the plaintiff moved the court for a non-suit with bill of exceptions, which motion was granted.

It is therefore considered by the court that the plaintiff take nothing by his suit and that the defendant go hence without day and have and recover of and from the plaintiff his costs herein expended, here taxed at ———— for which let execution issue."

It is contended that the court erred in striking the last

three counts of the declaration and in requiring the plaintiff to elect between the first two counts.

The statute provides that if a pleading be so framed as to prejudice or embarrass or delay the fair trial of the action, the opposite party may apply to the court to strike out or amend such pleading, and the court shall make such order respecting the same as it shall see fit. Sec. 1433 General Statutes of 1906.

The first and third counts are in effect similar and there was no error in striking the third, since its presence in the record was calculated to embarrass a fair trial of the action. As the second and fourth counts are in substance and effect the same there was no error in striking the fourth. The fifth count undertakes to amalgamate the three separate statutory actions of forcible entry, unlawful entry and unlawful detainer. This cannot be done. Liddon v. Hodnett, 22 Fla. 271.

There was no error in requiring the plaintiff to elect whether he would proceed upon the first or the second counts, as the first was for an unlawful entry while the second was for a forcible entry upon the lands and justified a severance of the two causes of action. The elements of the two causes of action are not essentially the same, and though causes of action existing between the same parties in the same rights may be joined in one action, yet the trial judge may order a severance in his discretion. See Jefferson County v. Hawkins, 23 Fla. 223, 2 South. Rep. 362; Sec. 1389 Gen. Stats.

There being no bill of exceptions no other questions are presented.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.