DAVID F. MITCHELL, *Appellant*, v. HARRY MASON, *Appellee.*

## Opinion Filed February 25, 1920.

1. Appellees have a right to require papers used in the case but omitted by appellant from his directions to the clerk to be put in the transcript; but if such omitted papers are already on file in this court permission to use them on another appeal may be granted by this court in proper cases to save expense to litigants.

2. Where an appeal has been duly taken, the statute requires the transcript of the record to be filed "in the Appellate Court on or before the return day," and provides that if the transcript is not so filed, "it shall be the duty of the court, unless good cause be shown to dismiss" the appeal 'on the adverse party producing a certificate from the clerk of the court below;'" that an appeal "has been obtained," etc.

3. The court may on good cause shown extend the time for filing the transcript of the record in a cause and may permit the use of transcripts or portions thereof on file in this court on a former appeal to save expense to litigants.

Motion granted.

*David F. Mitchell, in pro per;*

*Alex St. Clair-Abram,* for Appellee.

WHITFIELD, J.—It appears that the appeal herein pending was entered by the defendant below in his own person on July 15, 1919, from a decree rendered January 30, 1919, the appeal being made returnable October 6, 1919; that a copy of appellant's written directions to the clerk for making up a transcript of the record, was accepted by counsel for appellee, complainant below, on September

6, 1919, a copy of appellant's assignment of errors having been received by counsel for appellee on August 25, 1919; that on August 28, 1919, the appellant filed in this court a motion for an order that the Clerk of the Circuit Court be directed to omit from the transcript of the record in this cause, a copy of the record in a former appeal between these parties and others wherein the same subject-matter was involved, a copy of the said record sought to be omitted being now on file in this court, the clerk below having been directed by counsel for the appellee to include the copy of said record in the transcript in this cause, and the expense of such inclusion would be a prohibitive expense to the appellant; that this motion was supplemented by a petition filed here November 22, 1919, stating more fully the needless hardship that the directions of the appellee to the clerk would entail on the appellant, and his inability to pursue his appeal if he be not allowed to use the transcripts now on file in the former appeal; that a copy of appellee's directions to the clerk for making up the transcript of the record pursuant to the rule was served on counsel for the appellant on September 17, 1919; that on September 23, 1919, a motion was filed here for an order extending for 60 days the time for making up and filing in this court the transcript of the record in this cause, the motion being supported by an affidavit as to the impossibility to procure the transcript within the time allowed by the statute and the rules of court; that on November 6, 1919, counsel for appellee filed in this court a suggestion of the death of the appellee; that on November 22, 1919, the appellant moved under the rule for the making of a proper party appellee, and an appropriate order was duly made in this court. See Rule 16 Sup. Ct. Rules. The proper representative of the

deceased appellee has not been made a party herein. It also appears that prior to the entry of this appeal two other entries of appeal herein had been made and dismissed by the appellant. Counsel for appellee had a right to require papers used in the case but omitted by appellant from his directions to the clerk to be put in the transcript; but if such omitted papers are already on file in this court permission to use them on another appeal may be granted by this court in proper cases to save expense to litigants.

The motions for an extension of time for making and filing the transcript in this cause and for leave to use on this appeal the transcript on the former appeal on file in this court and for an order directing the clerk below to omit from the transcript on this appeal the said transcript on the former appeal, which had been directed by the counsel for appellee to be included in the transcript on this appeal, were presented by the appellant in person, and opposing counsel orally and by brief resisted the motions. See Rule 11 of Supreme Court Rules and Special Rules 2 and 4.

The statute requires the transcript of the record to be filed "in the Appellate Court on or before the return day," and provides that if the transcript is not so filed, "it shall be the duty of the court, unless good cause be shown to dismiss" the appeal "on the adverse party producing a certificate from the clerk of the court below;" that an appeal "has been obtained," etc. Secs. 1705 and 1912 Gen. Stats. 1906, Comp. Laws 1914. The "adverse party" has produced no certificate and has only opposed the motions made by the appellant in person.

The court is of the opinion that the showing made by the appellant as to his financial inability to employ counsel or to pay for a transcript of the record, except

as he earns the means by his individual efforts, and as to the progress being in good faith made to complete the transcript within a reasonable time, is, under the unusual circumstances of this case, sufficient to warrant an extension of time of 60 days from this date, for making up and filing the transcript of the record.

The record on file in this court on the former appeal may be used on this appeal; and the Clerk of the Circuit Court in making up the transcript of the record on this apepal will omit therefrom the matters contained in the transcript on the former appeal and referred to as exhibits in the appellee's directions to the clerk for making up the transcript of the record on this appeal.

It is so ordered.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J. concur.