PHILIP MORRILL AND HOWARD MORRILL, CO-PARTNERS, DOING BUSINESS AS MORRILL BROTHERS, *Appellants,* v. S. O. BURG AND LENA BURG, HIS WIFE, *Appellees.*

Opinion Filed October 23, 1920.

1. An answer in chancery not signed by defendants, whose answer it purports to be, may be stricken from the files on motion, or it may be ignored and a decree pro confesso entered against such defendants.

2. The signing by defendants of their answer in chancery may be waived by complainants in like manner and to the same effect as the verification of such answer by oath of defendants, whose answer it purports to be, may be waived.

3. Where complainants file replication to an answer in chancery defective in that it is not signed by defendants, whose answer it purports to be, they will be held to have waived the signing of such answer by defendants.

4. Where complainants, after the filing of an answer by defendants, in an application for the appointment of a special master to take testimony in said cause, represent to the court that the cause is at issue upon bill and answer of de-

fendants, and such application is granted and a special master appointed, the court reciting in the order appointing such master that the cause is at issue upon bill and answer of defendants, complainants will not thereafter be permitted to disregard such answer because unsigned by defendants, and, without giving notice to defendants, take decree pro confesso against them and proceed in said cause to final decree, but will be held to have waived the signing of the answer by defendants.

5. Under the provisions of Chapter 6907, Acts of 1915, unless the answer of defendants "asserts a set-off or counter-claim no reply should be required without special order of the court or judge, but the cause shall be deemed at issue upon the filing of the answer, and any new or affirmative matter therein shall be deemed to be denied by the complainant."

6. When a cause is at issue upon bill and answer a decree pro confesso and subsequent proceedings ignoring the answer, taken without notice to defendants, are unauthorized.

An Appeal from the Circuit Court from Hillsborough County; F. M. Robles, Judge.

Affirmed.

*Lunsford & Whitaker,* for Appellants;

*E. L. Bryan,* for Appellees.

WEST, J.—Suit was brought to foreclose a lien upon certain described land of defendants for the value of labor performed and material furnished by complainants in the construction of certain permanent improvements placed upon such land.

Demurrer to the amended bill was overruled and defendants answered. Verification of the answer was

waived. The answer was signed by counsel, but was not signed by defendants.

After the answer had been filed counsel for complainants filed their application in the following language for the appointment of a special master to take testimony in the case: "Now come the complainants above named, by their solicitor, S. V. Ray, and respectfully represent to the court that the said cause is at issue upon the bill of complaint and the answer of the defendants, and applies to the court for the appointment of a special master in chancery to take the testimony in the said cause and to report the same to the Court without findings."

The motion was granted, and in the order the court recited that the cause was at issue on bill and answer and appointed a special master to take the testimony of the parties, directing him to report the same to the court without delay. This order is dated October 31, 1917. On November 20, 1917, attorneys for the respective parties entered into the following agreement: "It is agreed by and between counsel for the respective parties above named and the Special Master, G. H. Cornelius, shall set the cause down for hearing before him and commence the taking of testimony therein on Friday, the 30th day of November, 1917." This agreement is duly signed by the attorneys for complainants and defendants.

On January 24, 1919, other attorneys then representing complainants, moved the court for a decree pro confesso against defendants on the ground that the paper writing filed in said cause purporting to be an answer of defendants is no answer and is a nullity because not signed by defendants. This motion was granted and a decree pro confesso was entered against defendants. Thereafter the order previously made appointing a special master was re-

voked and another special master was appointed for the purpose of taking testimony and reporting the same to the court. Testimony accordingly was taken, and thereafter a final decree in favor of complainants was entered on March 4, 1919. Pursuant thereto the land described in the bill upon which the improvements had been placed by complainants was advertised and sold to complainants in satisfaction of their claim for labor and material, and the sale, upon report of the special master, was confirmed by the court in an order dated April 8, 1919.

The entry of the decree pro confesso and subsequent proceedings thereon were taken without notice to defendants. On April 14, 1919, defendants filed a motion to vacate and set aside the decree pro confesso theretofore entered against them and all subsequent proceedings and orders in said cause, and this motion upon hearing was granted. In granting this motion the court gave the following reasons for doing so: "By stipulation of counsel in the said cause, the Master, G. H. Cornelius, was appointed to take the testimony, after bill and answer in the cause had been filed, and in the opinion of the court the defect in the answer of not being properly signed was waived by the stipulation and the action of the parties thereto, and that the court should not have set aside the actions of the parties without due notice to all parties concerned."

An answer not signed by defendants whose answer it purports to be may be stricken from the files on motion or it may be ignored and a decree pro confesso entered against such defendants, but the signing by defendants of their answer may be waived by complainants just as the verification of the answer by oath of defendants may be waived. City of Ocala v. Anderson, 58 Fla. 415, 50 South.

Rep. 572; Ballard v. Kennedy, 34 Fla. 483, 16 South. Rep. 327. And where complainants file replication to an answer defective in this respect they will be held to have waived the signature of defendants thereto. 1 Enc. of Pl. & Pr., p. 828; Collard v. Smith, 13 N. J. Eq. 43; Fuller Bank v. Beach, 2 Paige Ch. Rep. 307.

In the case under consideration no replication was filed, but complainants in their application for the appointment of a special master represented to the court "that the cause is at issue upon bill of complaint and the answer of defendants," and in granting this motion and appointing the special master, the court, as we have seen, recited that "the said cause is at issue on the bill of complaint and answer of defendants." Twenty days after this motion and order were filed complainants' attorney agreed with defendants' attorney that the special master should set the cause down for hearing and commence the taking of testimony on the fixed date ten days thereafter. In this situation it was not error for the court to hold that the signing of the answer by defendants had been waived. What complainants did was equivalent in effect to filing a replication to the answer. It was a recognition of the answer as valid, and under the statute, the answer being regarded as good, the cause was at issue upon the filing of the answer. Chap. 6907, Acts 1915, Laws of Florida. When complainants have formally represented to the court that the cause is at issue upon bill and answer and upon that theory have procured the appointment of a special master to take testimony and agreed with defendants on a day for taking testimony, they should not be permitted several months later, no action having been taken in the meantime, without notice to defendants, to take decree pro confesso against defendants and proceed to final decree in said cause upon the theory

that the answer, though previously treated as valid, is, in fact, because of formal defects, insufficient, and thereby shut out defendants from any right to be heard, but in such case will be held to have waived such defect.. The signing of the answer having been waived by complainants, the cause was at issue upon bill and answer. Subsequent proceedings, therefore, disregarding the answer were unauthorized and the court did right in vacating and setting aside all such orders and proceedings.

The order appealed from is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.