GEORGE LESSIC, *et al.*, ON BEHALF OF CLARENCE GRIGGS FLOYD, A MINOR, *Appellants,* v. A. BOOSKE, *Appellee.*

Opinion Filed July 30, 1923.

1. An attempted entry of an appeal in which the parties are named as "A. Booske versus George Lessic et al. on behalf of Clarence Griggs Floyd, a minor," is ineffectual as an appeal in the case of A. Booske, complainant, versus George Messic, Clarence Griggs Floyd, a minor, and William Floyd, his guardian ad litem, and Edith Messic, a minor, and Earl Hoffman, her guardian ad litem.

2. All parties jointly affected by a joint decree appealed from are necessary parties to such appeal, and should be individually named therein. They can not be included in such appeal by the use of the abbreviation "et al." Parties *appellant* omitted from an appeal can not be made parties thereto after the expiration of the time prescribed by law for taking appeals. Nat'l. Bank of Lancaster v. Newheart, 41 Fla. 470, 27 South. Rep. 297.

This case was decided by Division B.

Motion to dismiss appeal.

Dismissed

*Kent & Dewell,* for Appellants;

*F. W. Marsh,* for Appellee.

WEST, J.—The following is the entry of appeal, as shown by the record forwarded to this Court:

"James Macgibbon, Clerk Circuit Court, Pensacola, Fla.

"You will please dismiss present appeal in case A. Booske versus George Lessic, et al., and you will please

enter new appeal in case A. Booske versus George Lessic, et al., on behalf of Clarence Griggs Floyd, a minor, to Supreme Court of State of Florida to review decree of the Circuit Court of Escambia County, Florida, dated July sixth, nineteen twenty-two, in said cause set appeals are hereby made returnable on the thirty-first day of March, nineteen twenty-three, this message to us as notice of appeal.

"Kent and Beswell."

There is a motion by counsel for appellee, on special appearance for that purpose, to dismiss the appeal. Among the grounds upon which the dismissal is sought are: first, that the notice of the appeal refers to the parties as A. Booske versus George Lessic, et al., whereas in fact, as shown by the record, the parties to the suit are A. Booske versus George Messic, Clarence Griggs Floyd and Edith Messic, et al.; second, that said appeal is ineffective because it is a second appeal, the record showing an undisposed of former appeal in the case.

In the final decree and anterior proceedings the parties are A. Booske, complainant, versus George Messic, Clarence Griggs Floyd, a minor, and William Floyd, his guardian *ad litem,* and Edith Messic, a minor, and Earl Hoffman, her guardian *ad litem.* There is nothing in the record to indicate the identity of George Lessic, et al., on behalf of Clarence Griggs Floyd, a minor, named in the purported entry of appeal as appellants, with George Messic, Clarence Griggs Floyd, a minor, and William Floyd, his guardian, *ad litem,* and Edith Messic, a minor, and Earl Hoffman, her guardian *ad litem,* respondents in the court below. Because of this variance the notice of appeal is defective and insufficient to give this court jurisdiction of the parties. Furthermore, if this error had not been made and the appeal should be regarded as having been made by

George Messic, et al., appellants, versus A. Booske, appellee, on the theory that Messic and Lessic are *idem sonams,* the abbreviation of "et al" is ineffectual as to the parties to whom it is intended to refer, and it appearing from the transcript of record sent to this Court that such omitted parties are minors and are jointly interested in the subject-matter of the litigation with the party attempted to be named and are necessary parties appellant, and that they could not now be brought in as appellants because the time for taking an appeal has expired, the motion to dismiss will be granted. National Bank v. Newheart, 41 Fla. 470, 27 South. Rep. 297; State *ex rel.* v. Canfield, 40 Fla. 36, 23 South. Rep. 591; Cornell v. Franklin, 40 Fla. 149, 23 South. Rep. 589.

Dismissed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.