DAVID F. MITCHELL, *Appellant,* v. GEORGE H. MASON, ETC., *et als., Appellees.*

En Banc.

Opinion Filed July 24, 1925.

1. The use of the Latin abbreviation "*et al.*" in the entry of an appeal will not include anyone as a party to such appeal except those who are expressly and fully named as parties in such entry of appeal.

2. A demurrer to a bill in equity raises a question of law and is a pleading, not evidence; and under the rule requiring a demurrer to be "supported by the affidavit of the defendant * * * that it is not interposed for delay," it is sufficiently verified by the oath of one defendant, at least where the demurrer is duly presented for or on behalf of all the defendants who joined in the demurrer.

3. Where there is on file in an equity cause a demurrer having attached thereto a proper certificate of counsel that it is well founded in point of law, and having also attached thereto an affidavit of one of the defendants who joined in the demurrer that it is not interposed for delay, it is not error

for the chancellor to decline to enter decrees *pro confesso*, as for want of plea, answer or demurrer, against such defendants.

An Appeal from the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Affirmed.

*David F. Mitchell*, for Appellant;

*Kay, Adams & Ragland, V. E. Phelps* and *John T. G. Crawford*, for Appellees.

WHITFIELD, J.—The bill of complaint herein was brought by "David F. Mitchell, Complainant, v. George H, Mason & Tom J. Mason as Administrators D. B. N. C. T. A. of the Estate of Harry Mason, deceased, and as Executors of the last Will and Testament of Bessie Mason, deceased, and George H. Mason, and Tom. J. Mason, and Lillian Mason Sperry and John A. Sperry, and John Hanley and Georgia Nelson Mason, and Georgia Nelson Mason as guardian of Harriet Mason and ........................ Mason, minors, and W. E. Kay, W. J. Kelly, Fulton Saussey, T. W. Dunk and D. C. Burrows trustees and Bertha E. Davis and W. J. T. Davis, Annie B. Shearn and Frederick Shearn, Florence King and Edward Dorson King, and Rosalie V. Hudnall as Executrix of the Estate of Henry Hudnall, deceased, and Phena Love, Defendants."

On February 6th, 1922, the defendants George H. Mason, and Tom J. Mason, as administrators *de bonis non cum testamento annexo* of the estate of Harry Mason, deceased, and as executors of the last will and testament of Bessie Mason, deceased, and George H. Mason and Tom J. Mason, John Hanley, Georgia Nelson Mason and Georgia Nelson Mason, as guardian of Harriet Mason and Nelson Mason, minors, filed their appearance.

A demurrer was filed·by "George H. Mason and Thomas J. Mason, as administrators *de bonis non cum testamento* of the estate of Harry Mason, deceased, and as executors of the last will and testament of Bessie Mason, deceased, and George H. Mason and Thomas J. Mason individually, and John Hanley, Georgia Nelson Mason and Georgia Nelson as guardian of Harriet Mason and ..................... Mason, minors." This demurrer was verified by the affidavit of George H. Mason only. A general and also a special demurrer were filed by "W. E. Kay, W. J. Kelly, Fulton Saussy, T. W. Dunk, and Willis M. Ball, as Trustees." The special demurrer was verified by the affidavit of W. E. Kay only. The affidavit of the general demurrer was not signed.

The complainant presented "forms for decree *pro confessos*" against "George H. Mason, as administrator D. B. N. C. T. A. of the estate of Harry Mason, deceased; and as Executor of the last Will and Testament of Bessie Mason, deceased."

"Tom J. Mason, Individually; and as Administrator D. B. N. C. T. A. of the Estate of Harry Mason, deceased; and as Executor of the Last Will and Testament, of Bessie Mason, deceased. John Hanley, Individually. Georgia Nelson Mason, Individually; and as guardian of Harriet Mason and ................... Mason, minors; W. E. Kay, and W. J. Kelly, and Fulton Saussy, and T. W. Dunk, and Willis M. Ball, as Trustees, under the Declaration of Trust executed by Harry Mason and Bessie Mason in the year A. D. 1925."

The forms presented to the court stated that "the said defendants have failed to answer, plead or demurrer as required by law to the bill of complaint."

The court made the following order:

"The within application for decrees *pro confessos* against

the defendants herein, having been duly presented and considered the same is hereby denied.

"Done this April 17th, 1922."

The complainant filed the following entry of appeal:

David F. Mitchell, Complainant, v. George H. Mason, etc., et als., defendants.

### APPEAL.

"Comes now the complainant, said David F. Mitchell, in his own person, and enters his appeal to the Supreme Court of the State of Florida and which is made returnable hereby Monday June 19th, A. D. 1922, and from the ruling of the said Circuit Court of Duval County, Florida, made and rendered on the 17th day of April A. D. 1922, and entered in the Chancery Order Book of said Court on page 797, book 21, on the 19th day of April, A. D. 1922, and hereby gives notice of this appeal, taken and entered this Saturday, April 22nd, A. D. 1922.

DAVID F. MITCHELL,<br>Complainant."

The only appellee brought here by the entry and record of the appeal is George H. Mason as an individual. State ex rel. Andreu v. Canfield, 40 Fla. 36, 23 South. Rep. 591; Lowe v. DeLaney, 54 Fla. 480, 44 South. Rep. 710.

Even if the appeal as taken with only one appellee is effective for its intended purpose, the order appealed from must be affirmed.

A demurrer to the bill of complaint duly signed and sworn to under the rule was duly filed for George H. Mason individually as well as for George H. Mason and another in their representative capacity and others. As the complainant has by his entry of appeal made George H. Mason individually the sole appellee and as there was a demurrer on file for George H. Mason, the order denying a decree

*pro confesso* was proper. Other defendants in the court below have appeared by brief; but even if the appellant has a right to question the propriety of the order appealed from as to such appearing defendants, there was a special demurrer on file for some of them verified by the affidavit of one of the defendants and the order denying a decree *pro confesso* as to them was proper even if the affidavit to the general demurrer on file for such appearing defendants was defective because not signed by the counsel by whom the affidavit purports to have been made. The demurrer that was verified by the affidavit of George H. Mason is sufficient as to all the defendants who joined in that demurrer though only George H. Mason made affidavit that the demurrer was not interposed for delay.

Equity Rules provide in "Rule 48. No demurrer or plea shall be allowed to be filed to any bill unless upon a certificate of counsel that in his opinion it is well founded in point of law, and supported by the affidavit of the defendant, or in case of his absence from the State, or his agent or attorney, that it is not interposed for delay; and if a plea, that it is true in point of fact."

It has been held that where a pleading is on behalf of several defendants it may be verified by the oath of one of the defendants. Queen Ins. Co. v. Keller, (Tex. Civ. App.), 186 S. W. Rep. 359; Butterfield v. Graves, 138 Cal. 155, 71 Pac. Rep. 510; Jones v. Austin, (Tex. Civ. App.) 26 S. W. Rep. 144; Ruch v. Jones, 33 Mo. 393.

A demurrer to a bill in equity raises a question of law and is a pleading, not evidence; and under the rule requiring a demurrer to be "supported by the affidavit of the defendant * * * that it is not interposed for delay," it is sufficiently verified by the oath of one defendant, at least where the demurrer is duly presented for or on behalf of all the defendants who joined in the demurrer.

In this case the demurrers were interposed for the defendants named therein and the oath of one of the defendants was a sufficient verification and deposition that the demurrers respectively were not interposed for delay.

"The affidavit of the defendant" like the "certificate of counsel" is required by the rule to prevent frivolous pleading and delays in the cause. This purpose is accomplished by a proper certificate of one counsel and a proper affidavit of one of the defendants who join in the demurrer. As to answers in equity, see Ballard v. Kennedy, 34 Fla. 483, 16 South. Rep. 327; City of Ocala v. Anderson, 58 Fla. 415, 50 South. Rep. 572; Morrill v. Burg, 80 Fla. 606, 86 South. Rep. 566. See also Fed. Eqr. Rule 24; Kinney v. Rice, 238 Fed. Rep. 441.

Affirmed.

WEST, C. J., AND TERRELL, STRUM AND BROWN, J. J., concur.