DAVID F. MITCHELL, *Appellant*, v. GEORGE H. MASON, ETC., *et als., Appellees.*

Division B.

Opinion Filed July 24, 1925.

1. In an equity suit, where a demurrer in due form is seasonably interposed to a bill of complaint, and subsequently, but before a ruling on the demurrer is made, a supplemental bill is filed, in response to which the demurrant files a pleading in the following language: "Comes now the defendants named in the supplemental bill herein, and for demurrer to the supplemental bill filed herein, interpose the demurrer heretofore filed herein by these defendants on April 3, 1922, to the original bill herein," the effect of the filing of the latter pleading in to interpose the previous demurrer to the supplemental bill, although such practice is not commended.

2. Courts of general equity jurisdiction possess the inherent power, and it is their duty, of their own motion, to correct any order or decree made or entered improvidently or by inadvertence of the court, unless such order or decree by the passage of time, or for some other reason, has passed beyond the control of such court.

An Appeal from the Circuit Court of Duval County; Daniel A. Simmons, Judge.

Order affirmed.

*David F. Mitchell,* for Appellant;

*Knight & Adair,* for Appellees.

STRUM, J.—On the 26th day of January, 1922, appellant, as complainant below, brought his bill of complaint against several defendants. On April 3rd, 1922, appellees, Lillian Mason Sperry and John A. Sperry, two of the defendants, filed their demurrer to said bill of complaint, which demurrer appears to be duly certified and verified in accordance with the rule. By leave of court, and prior to a ruling on the demurrer, appellant filed a pleading styled as a supplemental bill on July 18th, 1922. Whether this pleading is in law a supplemental bill or an amended bill is not now before us for consideration. It was treated by the court below and the parties as a supplemental bill. In the order allowing the filing of the supplemental bill, the Chancellor required the defendants, amongst whom were the said appellees, Lillian Mason Sperry and John A. Sperry, to plead to said supplemental bill on or before the rule day in August, 1922. On August 7th, 1922, the rule day, the appellees last named, through their solicitors, filed the following pleading. "Comes now Lillian Mason Sperry and John A. Sperry, two of the defendants named in the supplemental bill herein, and for demurrer to the supplemental bill filed herein, interpose the demurrer heretofore filed herein by these defendants on April 3rd, A. D. 1922, to the original bill herein."

An August 9th, 1922, upon motion of the complainant, the Chancellor entered a decree *pro confesso* against the above named defendants Lillian Mason Sperry and John A. Sperry, and others, "for failure to plead, demur or answer to the said supplemental bill in said cause."

On August 17th, 1922, the Chancellor made and entered the following order: "The above decree *pro confesso* having

been inadvertently entered as to the defendants Lillian Mason Sperry and John A. Sperry, the same is vacated as to the said defendants, they having filed their demurrer before said decree *pro confesso* was entered." This order seems to have been entered by the Chancellor of his own motion. From the latter order this appeal is taken.

Rule 39 of the Circuit Courts in Equity Actions provides, in substance, that when for any reason a supplemental bill, or a bill in the nature of a supplemental bill, is filed in a cause, "the defendant shall demur, plead or answer thereto on the next rule day after the supplemental bill is filed in the clerk's office, unless some other time shall be asigned by the judge or court." Appellant asserts that the pleading filed by the appellees Lillian Mason Sperry and John A. Sperry on August 7th, 1922, can not be regarded as a demurrer because it is not such in form, nor is it certified and verified as required by Rule 48 of the Circuit Courts in Equity Actions, and hence should be ignored. The demurrer interposed by said appellees to the original bill was admittedly in due form and properly certified and verified. The effect of the filing of the pleading above quoted was to adopt the previous demurrer as a whole and to interpose the same to the supplemental bill. If such demurrer, in point of law, is not well taken to the supplemental bill, that fact can and must be judicially ascertained upon due hearing and argument. The Chancellor was apparently not aware that the pleading above quoted had been filed when he entered the decree *pro confesso*. Upon ascertaining that such pleading was in fact filed on the rule day, the Chancellor apparently treated the same as equivalent to a re-filing of the former demurrer. Although the practice followed by the demurrants is unusual, and is not commended, we see no reversible error in the action of the Chancellor. The decree *pro confesso* having been entered by reason of the inadvertence of the

Chancellor, it was proper for him to re-open such decree *ex proprio motu.* No previous notice of such action is necessary to either party.

Courts of general equity jurisdiction possess the inherent power, and it is their duty, of their own motion, to correct or set aside any order or decree made or entered improvidently or by inadvertence of the court, unless such order or decree by the passage of time, or for some other reason, has passed beyond the control of such court. Jones v. Budington, 35 Fla. 121, 140, 17 South. Rep. 399, 404; Talladega Mercantile Co. v. McDonald, 97 Ala. 508, 12 South. Rep. 34. The order complained of, being an interlocutory order in an equity action, remains within the control of the Chancellor at least until the entry of the final decree, in the absence of intervening and effective appellate jurisdiction.

The order appealed from is affirmed.

WEST, C. J., AND WHITFIELD, TERRELL AND BROWN, J. J., concur.