DAVID F. MITCHELL, *Appellant*, v. HELEN L. PARROTT, TRUSTEE OF THE ESTATE OF J. R. PARROTT, DECEASED, AND E. G. SWARZ, *Appellees.*

En Banc.

Opinion Filed January 14, 1926.

*David F. Mitchell* and *L. S. Gaulden,* for Appellant;

*Alex St. Clari-Abram,* for Appellees.

BUFORD, J.—On June 6, 1925, the appellant filed a Bill of Complaint in the Circuit Court of Duval County, Florida. On August 1, 1925, one of the respondents, Helen L. Parrott, filed an answer to the Bill of Complaint and also filed demurrer. The answer was verified under oath. To the demurrer was attached the required certificate and affidavit.

On September 7th, appellant filed a motion to strike the answer and on the first day of October, 1925, the court made an order denying the motion to strike the answer filed by Helen L. Parrott as Trustee of the estate of J. R. Parrott, deceased.

On the same day, to-wit on October 1, 1925, the appellant filed his notice of appeal, making the appeal returnable Thursday, December 10, 1925.

On January 6, 1926, Helen L. Parrott, as trustee of J. R. Parrott, deceased, filed motion in the Supreme Court to dismiss the said appeal upon the following grounds contained in said motion to-wit:

''1. Because the Appellant has not filed Transcript of Record on the Return day set by him.

2. Because there is nothing in the record to show that the time for filing the Transcript of Record was ever extended by the Supreme Court.

3. Because the Appellant has abandoned his Appeal as shown by setting the case for final hearing on December 2, 1925, and serving Notice on Appellee's solicitor to argue the matter before the Judge of the Circuit Court on the 4th day of January, A. D. 1926, as shown by copy of his notice hereto annexed and made part of this motion.

4. Because the Appeal was so outrageously and palpably frivolous as to constitute a reflection on the dignity of the Supreme Court.''

Section 2915, Revised General Statutes of Florida, provides as follows: ''It shall be the duty of the plaintiff in error to demand from the clerk of the court below, or from the judge if it have no clerk, a true copy of all proceedings in such cause in the court below, and to file said copy in the appellate court on or before the return day of the writ of error. If the plaintiff in error fail to file the proceedings as aforesaid, it shall be the duty of said court, unless good cause be shown, to dismiss said writ of error on the adverse party producing a certificate from the clerk of the court below, or from the judge if it have no clerk, that a writ of error has been obtained.''

It appears from the record in this case that a copy of

the proceedings in the cause in the court below was not filed in the appellate court on or before the return day of the writ, and that no order had been made by this court extending the time for the filing of such transcript. The adverse party has produced in this court a certificate from the clerk of the court below showing that entry of appeal was made in that court by the appellant and that the same was made returnable on Thursday, December 10, 1925.

It is therefore the judgment of the Court that said appeal be, and the same is hereby dismissed.

BROWN, C. J., AND WHITFIELD, ELLIS AND TERRELL, J. J., concur.

STRUM, J., not participating.