DAVID F. MITCHELL, EDITH C. WORLEY and EDWARD M. L'ENGLE v. HONORABLE BAYARD B. SHIELDS, Judge of the Circuit Court for Duval County, *et al.*

175 So. 524
Opinion Filed May 12, 1937.
Rehearing Denied July 13, 1937.

*David F. Mitchell, E. M. L'Engle* and *Edith C. Worely, in pro per,* for Petitioners.

DAVIS, J.—Petitioners seek to have brought up and quashed on certiorari a final decree entered against them by the Circuit Court of Duval County on June 18, 1936,

wherein the title to certain lands was quieted, certain conveyances thereof attempted by petitioners ordered cancelled, and the original complainant, David F. Mitchell, his attorneys, agents, servants and employees forever enjoined and restrained from instituting, prosecuting or maintaining any further litigation against the original defendant, Villa Alexandria Company, or any person claiming by, through or under the same, with respect to certain lands described in the final decree as follows:

"All that part of the certain premises and land lying in Duval County, Florida, namely, 'beginning upon the bank of St. Johns River at a hickory tree standing at the mouth of an old ditch; thence north 65 degrees 50 minutes, East 49.80 chains to a stake; thence south 25 degrees, east 28.05 chains to a stake; thence south 65 degrees 15 minutes, west 49.80 chains to a magnolia tree on the bank of the St. Johns River, both trees and both stakes marked with a cross (X); thence northerly from said magnolia tree along the low water mark of St. Johns River to the place of beginning; said survey embracing part of a Grant known as John Hainsman's Grant and part of a Grant known as Francis' Flora's Grant, and containing about 140 acres, more or less; excepting from said lands the right-of-way of San Jose Boulevard 60 feet in width running through said property; and also excepting the right-of-way of the Florida East Coast Railway Company 160 feet wide running through said property,' that lies between said San Jose Boulevard and the St. Johns River."

The present certiorari petition appears to be simply another phase of litigation that has been in progress for many years concerning the affairs of the petitioner, David F. Mitchell, and involving rights repeatedly asserted by him to valuable property known as "Villa Alexandria" in South Jacksonville, Duval County, notwithstanding many judg-

ments and decrees of the Circuit Court rejecting such claims. See: Mitchell v. Mason, 61 Fla. 338, 54 Sou. Rep. 863; Mitchell v. Mason, 61 Fla. 692, 55 Sou. Rep. 387; Mitchell v. Mason, 63 Fla. 538, 57 Sou. Rep. 604; Mitchell v. Mason, 65 Fla. 208, 61 Sou. Rep. 579; Mitchell v. Mason, 75 Fla. 679, 79 Sou. Rep. 163 (Certiorari denied 248 U. S. 584, 39 Sup. Ct. Rep. 182, 63 L. Ed. 433); Mitchell v. Mason, 79 Fla. 140, 83 Sou. Rep. 869; Mitchell v. Mason, 90 Fla. 192, 105 Sou. Rep. 404; Mitchell v. Mason, 90 Fla. 201, 106 Sou. Rep. 430; Mitchell v. Parrott, 91 Fla. 36, 107 Sou. Rep. 415.

The litigation to which this petition relates has been in progress for perhaps thirty years.

At the time it first was instituted "Villa Alexandria" to which it relates, was but a country estate on the banks of the St. Johns River in South Jacksonville, while now it is part of a great city. Its origin saw Edward VII reigning as King of England. During the years it has been pending in one phase or another, George V has reigned a quarter of a century and died, Edward the VIII came into power and abdicated, and George VI ascended to the throne and is now about to be crowned. The lapse of time has seen the map of Europe changed by a World War while in our own history the Sixteenth to Twenty-first Amendments to the Constitution of the United States have been proposed and adopted, and the Eighteenth Amendment experimented with and repealed.

Surely sufficient time has elapsed to finally set at rest the title to the land that was originally involved in this one lawsuit, without feeling that the Court has denied to the petitioner and his associates that consideration in the Courts to which all litigants are admittedly entitled under our judicial processes.

In addition to the foregoing, we call attention to the

fact that the decree of June 18, 1936, appears to have been allowed to become final without any of the parties (petitioners here) seeking to review it on direct appeal, which is certainly the most adequate, if not the only exclusive appellate procedure for inquiring into its validity on any except purely jurisdictional grounds.

We are of the opinion that petitioners have had their day in court, and that to grant this certiorari would not be justified by anything that has been made to appear in the petition. Therefore the certiorari applied for should be and the same is hereby denied.

Denied.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.