IRENE OTTO BROWN, *et ux.,* v. CITY OF PALATKA, *et al.*

181 So. 529.
Division B.
Opinion Filed March 4, 1938.
Rehearing Denied June 4, 1938.

*Walter F. Rogers, Wm. T. Rogers* and *Eugene Williams,* for Appellants;

*J. P. Lamb* and *H. E. Merryday,* for Appellees.

CHAPMAN, J.—This is an appeal from a final decree entered by the Circuit Court of Putnam County, Florida, on November 6, 1936, between the City of Palatka, a municipal corporation, as plaintiff, and Ralph B. Wilson, as executor of the estate of Asa E. Wilson, deceased, and cross defendants, Frank Fulton as administrator of the estate of W. C. Foster, deceased, Irene Otto Brown and Robert T. Brown, her husband, and W. A. Williams, Jr., as Clerk of the Circuit Court of Putnam County, Florida, defendants. The equities were decreed to be with the City of Palatka and held that taxes due said City in the sum of $2654.69 were a first lien on property therein described. The decree held null and void a State tax certificate numbered 420 issued or sold during the year 1925, to W. C. Foster for the non payment of taxes for the year 1924 on the same property as the City of Palatka; that Frank Fulton was appointed administrator of the estate of the later W. C. Foster and certificate numbered 420 was transferred or endorsed by W. C. Foster to Irene Otto Brown and with her husband, Robert T. Brown, are the appellants here. The purpose of

the appeal is to review the decree holding null and void and of no effect in law the tax certificate numbered 420 issued July 6, 1925, by Rundell Wells, Tax Collector of Putnam County, Florida, and owned by Irene Otto Brown. The title to the land described in certificate number 420, *supra,* according to the record, is vested in Ralph B. Wilson, as executor of the last Will and Testament of Asa Wilson, deceased.

It is doubtful if this Court has jurisdiction to pass on the tax certificate number 420 held to be null and void by the lower court, because the owner of the title to the land described in the certificate while named in the final decree was not made a party to the said appeal, which is as follows:

"On the 21st day of January, 1937, defendants Irene Otto Brown and Robert T. Brown filed their notice and entry of appeal which was forthwith on the same day recorded in Chancery Order Book 16 page 286 a copy thereof being in the words and figures following:

"IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR PUTNAM COUNTY. IN CHANCERY. No. 3395.

"CITY OF PALATKA, a municipal corporation, Plaintiff, v. RALPH B. WILSON, as executor, etc., *et al.*, Defendants.

"NOTICE AND ENTRY OF APPEAL.

"Come now the defendants, Irene Otto Brown and Robert T. Brown, her husband, and take and enter this their appeal to the Supreme Court of the State of Florida from the certain final decree entered in the above styled cause under date of November 6, 1936, and recorded in Chancery Order Book 16, page 217, said final decree being entered by the Honorable George William Jackson, judge of the

said Court, and make their said appeal returnable to the Supreme Court of Florida, at Tallahassee, Florida, on the 6th day of April, A. D. 1937, the same being more than thirty and less than ninety days from the date of this appeal.

"This 15 day of January, A. D. 1937.

> "Walter F. Rogers
> "William T. Rogers
> "Eugene Williams
> "Attorneys for Defendants, Irene Otto Brown and Robert T. Brown, her husband."

The record shows that solicitors for appellants were by this Court "granted leave to file amended notice of appeal in Circuit Court, but there is no showing here that the amendment was ever perfected in the lower court according to the said Order and certified to this Court. There is nothing in the record to show that this Court has jurisdiction of the owner of the title to the land described in certificate number 420. That Ralph B. Wilson, as executor of the estate of Asa E. Wilson, deceased, has not by any act or deed submitted himself to the jurisdiction hereof as disclosed by this record. The notice of the appeal as recorded in the office of the Clerk of the Circuit Court of Putnam County fails to include the name of Ralph B. Wilson, executor of the estate of Asa E. Wilson, deceased, and because of the absence of a necessary party, this court is without authority at law to pass upon the legal merits of tax certificate number 420.

This Court had before it a similar question as the one involved in the case at bar in Lowe v. DeLaney, 54 Fla. 40, text 481, 44 So. 710, when this Court said:

"* * * The entry of appeal attempts to include other unknown parties as appellees by the use of the abbreviation 'et al.,' but, as was held in the cases of State, ex rel. Andreu, v. Canfield, 40 Fla. 36, 23 South. Rep. 591, and Cornell v. Franklin, 40 Fla. 149, 23 South. Rep. 589, the use of such an abbreviation does not include anyone as a party to an appeal except such as are expressly and fully named in the appeal * * *"

See also the case of Lessic v. Booske, 86 Fla. 251, text 252-3, 97 So. 383, where it was said:

"* * * There is nothing in the record to indicate the identity of George Lessic, et al., on behalf of Clarence Griggs Floyd, a minor, named in the purported entry of appeal as appellants, with George Messic, Clarence Griggs Floyd, a minor, and William Floyd, his guardian, ad litem, and Edith Messic, a minor, and Earl Hoffman, her guardian ad litem, respondents in the Court below. Because of this variance the notice of appeal is defective and insufficient to give this Court jurisdiction of the parties. Furthermore, if this error had not been made and the appeal should be regarded as having been made by George Messic, et al., appellants, versus A. Booske, appellee, on the theory that Messic and Lessic are idem sonams, the abbreviation of 'et al.,' is ineffectual as to the parties to whom it is intended to refer, and it appearing from the transcript of record sent to this Court that such omitted parties are minors and are jointly interested in the subject-matter of the litigation with the party attempted to be named and are necessary parties appellant, and that they could not now be brought in as appellants because the time for taking an appeal has expired, the motion to dismiss will be granted. National Bank v. Newheart, 41 Fla. 470, 27 South. Rep. 297; State, ex rel., v. Canfield, 40 Fla. 36, 23 South. Rep. 591; Cornell v. Franklin, 40 Fla. 149, 23 South. Rep. 598."

The abbreviation *"et al."* appearing in the notice of appeal is insufficient in this case to include the owners of the land described in the certificate number 420. See: Gifford v. Plummer, 73 Fla. 1065, 75 So. 536; National Bank v. Newheart, 41 Fla. 470, 27 So. 297; Lessic v. Booske, 86 Fla. 251, 97 So. 383; Mitchell v. Mason, 90 Fla. 192, 105 So. 404; Lowe v. DeLaney, 54 Fla. 480, 44 So. 710."

We have examined the evidence adduced in this case. It appears from the record that the court below did not err in deciding the equities of the cause as there was ample testimony to sustain his conclusions. An appellate court cannot reverse the findings of a Chancellor on facts unless it has been made to appear that the findings are clearly erroneous when considering all the evidence. See: Helland v. Evans, 113 Fla. 839, 152 So. 623, where it was said:

"(1). The case presents a question of the sufficiency of the evidence to support the chancellor's findings. A rule which this court has observed from its earliest history is that a chancellor's finding and conclusion on facts will not be disturbed unless the evidence shows clearly that such finding and conclusions are erroneous. See Waterman v. Higgins, 28 Fla. 660, 10 So. 97; Fuller v. Fuller, 23 Fla. 236, 2 So. 426; Lewter v. Price, 25 Fla. 584, 6 So. 439; Bothamly v. Queal, 58 Fla. 396, 50 So. 415; Viser v. Willard, 60 Fla. 395, 53 So. 501; Theisen v. Whiddon, 60 Fla. 372, 53 So. 642; Bank of Jasper v. Tuten, 62 Fla. 423, 57 So. 238; Dixon Lumber Co. v. Jennings, 63 Fla. 405, 57 So. 615; Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 So. 169; McGill v. Chappelle, 71 Fla. 479, 71 So. 836; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. 216; 1 A. L. R. 25; Hill v. Beacham, 79 Fla. 430, 85 So. 147; Sandlin v. Hunter, 70 Fla. 514, 70 So. 553; Shad v. Smith, 74 Fla. 324, 76 So. 897; Edney v. Stinson, 90 Fla. 335, 105 So. 821.

"(2)  Where the evidence is conflicting, the finding of the chancellor will not be disturbed unless such finding is clearly shown to be erroneous, is a mere corollary to the rule announced above because the chancellor must consider the evidence, weigh its probative value, and determine from the spoken words of the witnesses and such documents as are offered in evidence the truth of the given proposition under consideration by him.  If the finding which he makes from the conflicting statements of witnesses is to be disturbed it must be because the evidence considered in its entirety is clearly irreconcilable with the conclusion reached by him."

There is no error in the record and the decree appealed from is hereby affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

## ON PETITION FOR REHEARING

CHAPMAN, J.—On Petition for rehearing in this cause it has been made to appear that this Court in its opinion filed erred in that it failed to consider a certified copy of an amended notice and entry of an appeal filed pursuant to an order of this Court previously made.  The petition has attached thereto a copy of an order of this Court, viz.:

"This cause coming on to be heard upon motion of Ralph B. Wilson, as Executor, etc., to quash the appeal herein and having been duly considered, it is ordered by the Court that said motion be considered and treated as a motion for summons and severance and that as so treated the motion be and it is hereby granted."

Subsequent to the entry of the aforesaid order there was filed in this Court a certified copy of an amended notice and

entry of an appeal as filed in the Circuit Court of Putnam County, Florida, the material portions of which are, viz.:

"IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR PUTNAM COUNTY. IN CHANCERY. No. 3395.

"City of PALATKA, a municipal corporation, Plaintiff, v. RALPH B. WILSON, as Executor, etc., *et. al.,* Defendants.

"AMENDMENT OF NOTICE AND ENTRY OF APPEAL

"Come now the defendants, Irene Otto Brown, and Robert T. Brown, her husband, by leave of the Supreme Court of the State of Florida first had and obtained, and amend the notice and entry of appeal heretofore filed and entered herein on the 15th day of January, A. D. 1937, by adding and inserting therein the names of the defendant Ralph B. Wilson as Executor of the Last Will and Testament of Asa E. Wilson, deceased, W. A. Williams, Jr., as Clerk of Circuit Court of Putnam County, Florida, and his deputies, and his and their successors in office, and Frank Fulton, as Administrator of the Estate of W. C. Foster, deceased, as appellants in said cause.

"This 1st day of May, A. D. 1937.

"Walter F. Rogers
"William T. Rogers
"Eugene Williams
"Attorneys for Irene Otto Brown and
Robert T. Brown, her husband."

On June 21, 1937, Ralph B. Wilson, as Executor of the last Will and Testament of Asa E. Wilson, by H. E. Merriday, his solicitor, filed in this Court a motion to quash the amendment of the entry of the appeal in so far as the same sought to review the decree of the lower court on the

following grounds: (a) that he was not named *as an appellee* in the original or amended entry of appeal; (b) that he had not appealed therefrom but Irene Otto Brown and Robert T. Brown, *without his consent,* named him and others as appellants; (c) this Court was without jurisdiction over him as a party appellee. The aforesaid motion was considered by this Court, when the following order was made: "* * * considered and treated as a motion for summons and severance, and that as so treated the motion be and it is hereby granted."

It will be observed that Ralph B. Wilson as executor of the last Will and Testament of Asa E. Wilson, because of the aforesaid order, is not a party to this appeal.

While the title to the land described in the final decree appealed from is vested in Ralph B. Wilson, as executor of the last Will and Testament and Asa E. Wilson, and his right thereunder cannot be considered by this Court because he is not a party to the appeal, the title to the tax certificate No. 420 is vested in Frank Fulton, as Administrator of the Estate of W. C. Foster, deceased, Irene Otto Brown and husband, Robert T. Brown, and embraces the lands described in the final decree as the property of the late Asa E. Wilson.

The Court considered the merits of the appeal of all parties to the cause, other than the rights of Ralph B. Wilson, as Executor of the last Will and Testament of Asa E. Wilson, and the decree appealed from affirmed. We have given due consideration to each point raised by the petition for a rehearing and each is without merit or cannot be considered in this appeal because of the absence of necessary parties. The petition for a rehearing is denied.

WHITFIELD, TERRELL and BUFORD, J. J., concur.