PER CURIAM.
This interlocutory appeal is by the defendant below from an order entered in the cause after the final judgment. Plaintiff sued her husband for alimony unconnected with divorce. The defendant husband counterclaimed for divorce. The final judgment, entered December 8, 1966, denied the wife’s claim for separate maintenance and granted the husband a divorce.
The order which is the subject of this appeal, entered May 8, 1967, made three provisions. First, it ordered “That the following allocations be made fpr the award of temporary alimony and child support, to-wit: $250.00 of the weekly payment for support of the plaintiff Sali Posner, and $300.00 for child support.”[1] Second, it granted judgment against the defendant husband for $30,000, in favor of the wife’s attorneys, as a fee for their services for the wife, and authorized issuance of execution thereon. Third was a judgment for the court costs, entered against the husband. *188 We deferred ruling on this interlocutory appeal pending the completion of proceedings instituted for review of the final judgment. See Posner v. Posner, Fla.App. 1968, 206 So.2d 416, and Posner v. Posner, Fla. 1970, 233 So.2d 381.
Appellant earnestly contends that by the antenuptial agreement the wife waived attorney fees, and at most was entitled to be awarded attorney fees only for the services of her attorneys performed with reference to the matters of child custody and child support, which were minimal in proportion to the entire litigation in the trial court. We find that argument to be without merit. A reading of the pertinent portion of the antenuptial agreement (which was quoted in this court’s opinion [206 So.2d 416]) reveals that the agreement did not contain an express waiver of attorney fees, and did not deal directly with the matter of attorney fees. In our opinion the wording of the agreement is not such as to show intent of the wife to waive her right to receive attorney fees for services of her attorneys in the divorce suit. See Annot. 3 A.L.R.3d 716, 741-747. Nor would such an agreement if effective to waive attorney fees in a divorce suit, affect her right to receive attorney fees for seeking separate maintenance, or in challenging validity of the agreement.
Secondly, the appellant argues that if the agreement did not operate to deprive the wife of the right to attorney fees, the allowance made in this case was excessive and represented an abuse of discretion. The fee is indeed larger than customarily awarded in cases of this type. However, it was within the range of the evidence presented relating thereto, and consistent with the number of hours of service of the wife’s attorneys which they testified were expended. The appellant challenged the reasonableness or necessity for the wife’s attorneys to have consumed such amount of time on the case. While that argument is not without weight, it was rejected by the trial court, and upon inspection of the record we do not find therein sufficient basis to charge the trial judge with an abuse of discretion in the award of attorney fees.
We find merit in the appellant’s contention that the trial court committed error when, five months after the final judgment, an order was entered amending or modifying the temporary support allowance which had been in effect prior to the decree, and thereby specifying the portion of the pendente lite allowance which should be regarded as having been made for payment of temporary alimony and the part thereof to be regarded as having been for temporary child support.
In the final judgment jurisdiction was reserved, pursuant to stipulation of counsel, for a later order as to attorney fees. The only other retention of jurisdiction which was provided for in the final j udgment was as follows:
“This Court retains jurisdiction over the parties to this suit specifically with the rights to enforce the decree if it becomes necessary and to protect all of the rights, interest and matters dealing with the welfare of the two minor children born of the parties hereto.”
There was no reservation in the final judgment of jurisdiction to later modify the order which had been in effect pendente lite for temporary support. Therefore, after the judgment became final the court lost jurisdiction to so act. See Mitchell v. Mason, 90 Fla. 201, 106 So. 430; Duss v. Duss, 92 Fla. 1081, 111 So. 382, 384; Young v. Young, Fla. 1953, 65 So.2d 28, 29. The decisions which hold that when a final judgment in a divorce suit contains an allowance for alimony and child support without specifying the portion thereof to be allocated to each, either party may move at any time thereafter for an order clarifying the award by apportioning the amount thereof between alimony and child support, are not applicable here. What was done in this case was not with reference to an *189 allowance made in the final judgment, but was an attempt to modify an interlocutory order after the judgment in the cause had become final. Accordingly, that provision of the trial court’s order of May 8, 1967, is reversed.
Affirmed in part and reversed in part.

. During the pendency of the cause the court made an interlocutory order requiring the husband to pay to the wife $550 per week “as support pendente lite,” with nothing in the order to allocate separate portions thereof to temporary alimony and to temporary support of the two children who were in the wife’s custody. By the final judgment the wife was allowed $600 per month in lieu of alimony (as per her antenuptial contract), and the husband was ordered to pay $1,200 a month child support, representing $600 per month for each child.